### LORENZ GLATZ *vs.* JOHN H. THEIN.

### October 26, 1891.

**Libel—Words Apparently Harmless Made Actionable by Averment.—** It is the rule in actions for libel that words or phrases which on their face appear to be entirely harmless may, under certain circumstances, convey a covert meaning wholly different from an ordinary and natural interpretation. Such words or phrases may be rendered actionable by alleging, among other things, that the author intended them to be understood, and that, in fact, they were understood, in the covert sense by those who read them.

**Same—Libel in Foreign Language.—***Held*, that the complaint herein, which set out the publication of a libel in a foreign language, with a translation thereof, stated a good cause of action.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly*, J., presiding, overruling his demurrer to the complaint in an action to recover $5,000 for the publication considered in the opinion.

*Dodd & Bowman*, for appellant.

*M. F. Propping,* for respondent.

COLLINS, J. According to the allegations of the complaint herein, the defendant wrote a communication in the German language upon a postal-card, duly addressed the same, and forwarded it by mail to one Hein, plaintiff's employer, by whom it was received and read. The last two words of the writing were averred to be incapable of translation into English, but, so far as translatable, it read as follows: "Adam Hein: I am informed that Lorenz has a great deal to say in your business, that Lorenz has used $700 last year, and this year as well not less. Therefore you need not be proud thereof, for it comes not out of the air, and furthermore I would be ashamed of myself to hear such talk in my business place. Therefore have I yet always ——— ———." Extrinsic facts and circumstances were set forth in the complaint; and it was further averred that, when writing the words found in this communication, the defendant intended to and did accuse plaintiff, by innuendo, with having cheated and stolen from him in a certain transaction the sum of $700. It was also alleged that the German words used by defendant, and literally translated, as "for it comes not out of the air," constitute a phrase commonly used by persons speaking or writing the German language when charging a person with theft or embezzlement, and that such is the common and universal understanding among those conversant with such language. In order to sustain the complaint now under consideration, it must appear therefrom that the communication sent by defendant to a person who read and understood it was susceptible of personal application to plaintiff, and that it reflected injuriously upon him. To fully accomplish this, however, it was no more essential that he should be directly accused of the crime of theft or embezzlement than it was that he should be accurately designated by name. It is obvious at a glance that an intention to vilify and libel was not made apparent by the translation, for, standing alone, the language used possessed no detrimental significance upon which could be founded an action for libel, nor can it be said that it had application to plaintiff. The communication was made libellous by the allegation of extrinsic facts which showed that it was so intended and was so understood. These allegations were

distinct, and were applied to plaintiff by a proper *colloquium*, with the intended and understood meaning of the language correctly set out in averments and innuendoes; the office of the latter being to explain the words and phrases as written, and annex to them their accepted meaning among those conversant with the German language.

It is the rule that words or phrases which on their face appear to be entirely harmless may, under certain circumstances, convey a covert meaning, wholly different from an ordinary and natural interpretation. Such words may be rendered actionable by alleging, among other things, that the author intended them to be understood, and that, in fact, they were understood, in the covert sense, by those who read them. *Pond* v. *Hartwell*, 17 Pick. 269; *Maynard* v. *Fireman's Fund Ins. Co.*, 47 Cal. 207; *Wachter* v. *Quenzer*, 29 N. Y. 547.

It is competent to prove, under proper allegations, of course, that a word or phrase in a foreign language has, in common parl.nce among those who speak such language, a meaning somewhat different from its definition by lexicographers, and is thus commonly understood by them in ordinary speech. *Blakeman* v. *Blakeman*, 31 Minn. 396, (18 N. W. Rep. 103.)

With the allegations in respect to extrinsic facts and averments explanatory of the words and phrases found in the writing, and what was intended and understood by their use, it seems beyond doubt that the complaint alleges that, by means of the communication, crime was imputed to plaintiff. He was charged with having stolen or embezzled the sum of $700. This charge, no matter what words or phrases or form of expression was adopted, was libellous, and the complaint stated a good cause of action.

Order affirmed.