MAGDALENA A. BLAKEMAN *vs.* WILLIAM BLAKEMAN.

January 14, 1884.

Slander — Ambiguous Words — Questions for Jury.—In an action for slander, if the application or meaning of the words is ambiguous, or the sense in which they were used is uncertain, but they are capable of the defamatory meaning charged, it is for the jury to determine, upon all the circumstances, whether they were applied to the plaintiff, and whether used in the defamatory sense alleged.

Same—Foreign Words—Proof of Meaning.—Where the slanderous words contain a phrase or word in a foreign language, which, in common parlance among the people who speak that language, has a meaning somewhat different from its definition by lexicographers, it is competent to prove that it is commonly used and understood by them in that sense.

Same — Indirect Charge by Insinuation, etc. — Where the slanderous charge is not made in direct terms, but by equivocal expressions, insinuations, and gestures, it is competent for witnesses who heard and saw them to state what they understood by them, and to whom they understood them to be applied.

Same—Excessive Damages—Rule as to Setting aside Verdict.—In an action for slander, the verdict will not be set aside on the ground of excessive damages, especially by an appellate court, unless the case be such as to furnish evidence of prejudice, partiality, or corruption on the part of the jury.

Leading Questions— Cross-Examination to Show Interest or Prejudice of Witness.—The circumstances under which a leading question

may be put to a witness is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error; at least, not unless there has been a gross abuse of discretion. This is also true as to the extent to which cross-examination will be allowed on purely collateral matters, for the purpose of showing the interest or feeling of the witness.

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial after verdict of $4,000 for plaintiff.

*Robinson & Bartleson* and *F. B. Hart*, for appellant.

*Arthur M. Keith* and *Shaw & Cray*, for respondent.

MITCHELL, J. Action for slander. The plaintiff was a married woman, the wife of Frank Blakeman, defendant's son. Four separate causes of action are set up in the complaint, each consisting of words published by defendant of and concerning plaintiff, either while pregnant or after the birth of her child, charging her, as is claimed, with the crime of adultery, by alleging that some one else, and not her husband, was the father of her child. We have carefully compared the words charged and the words proved in each cause of action, and find no material variance between the pleading and the proof. We think there would have been no variance even under the rule at common law. The rule there was that it was sufficient if the words proved correspond substantially with those alleged. But clearly there is no material variance under the rule of the Code, which is that no variance is material unless it has actually misled the adverse party to his prejudice in maintaining his action or defence upon the merits. Gen. St. 1878, c. 66, § 120.

2. In each instance the connection in which, and the circumstances under which, the words were spoken tend to prove that they were used of and concerning the plaintiff. And even if the words are ambiguous, or the sense in which they were used is uncertain, yet they are capable of the defamatory meaning charged in the complaint, to wit, that some one else and not her husband was the father of her child, and hence that she was guilty of adultery. It was therefore properly submitted to the jury to determine, upon all the circumstances, whether they were applied to the plaintiff, and whether they

were used in the defamatory sense charged. *Sanderson* v. *Caldwell,* 45 N. Y. 398. The evidence was therefore sufficient to justify a verdict for plaintiff upon all the causes of action.

We will only refer specially to the allegations and proof as to the fourth cause of action, as that is the one against the sufficiency of which the appellant makes most of his argument. It is also the one upon which most of the other questions in the case arise. The words constituting this cause of action were spoken in the German language to the witness Kock, and, as charged in the complaint, were: "Mein Sohn hat sie nicht verfuehrt; das ist dem da ueber;" which, being translated into the English language, is, as alleged, "My son did not get her pregnant; it is from that one [meaning George Recher] there." The witness Kock did not speak English, and was examined through an interpreter. Her evidence, as translated by the interpreter, was that she had a conversation with defendant soon after his son Frank and the plaintiff, his wife, had separated, (it appeared from the evidence that they had parted, owing to some family difficulty,) in which defendant said that he was having trouble with his children, and "that his son had not seduced (verfuehrt) her; that it was opposite," (pointing to the opposite side of the street where George Recher lived.) Evidence was also offered, against defendant's objection and exception, showing that the word "verfuehrt," used by the witness, and translated by the interpreter "seduced," while primarily and etymologically meaning to mislead, or lead astray, is used in common parlance among Germans, and is.so understood by them, in the sense of "getting in the family way by another man." The witness Kock, to whom the words were addressed, also testified, under the objection and exception of defendant, that she thought defendant meant George Recher; that that was what she understood at the time; and that she so understood because he lived across the street, where defendant pointed. Under the circumstances, we think there was enough in this evidence to justify submitting it to the jury to determine whether the words referred to the plaintiff, and whether they were used in the defamatory sense charged.

3. There was no error in admitting evidence to prove the sense in which the word "verfuehrt" was used and understood in common par-

lance among Germans, (witness Kock was a German,) as applied to a married woman. When the slanderous words contain a word or phrase in a foreign language, which has, in common parlance among the people who speak that language, a meaning somewhat different from its definition by lexicographers, and is thus commonly understood by them in common speech, it is competent to prove that fact. Townshend on Slander, § 334; *Wachter* v. *Quenzer*, 29 N. Y. 547. This is but an application of the general rule that words are to be construed in the sense in which the hearers would naturally understand them ; and, under the circumstances above referred to, the court and jury could only ascertain this from evidence.

4. It was also competent to allow the witness to testify that she understood from his words, and gesture in pointing across the street, that defendant referred to George Recher. The general rule, doubtless, is that the jury and not the witnesses are to determine the meaning and application of the words. But where, as is often the case, the slanderous charge is not made in direct terms, but by equivocal expressions, insinuations, gestures, or even tones of the voice, which often have a potent meaning incapable of description, it is competent for witnesses who heard and saw them to state what they understood by them, and to whom they understood them to be applied. *Leonard* v. *Allen*, 11 Cush. 241; *Smith* v. *Miles*, 15 Vt. 245; *Barton* v. *Holmes*, 16 Iowa, 252; Townshend on Slander, § 384.

5. The witness Kock was evidently an ignorant woman, who could not speak the English language, and therefore had, as already stated, to be examined through an interpreter. It is evident from the record that even this mode of examination was accompanied with some difficulty. The court allowed one or two questions to be put to her in leading form. Under the circumstances, this was not improper. Indeed, when and under what circumstances a leading question may be put to a witness is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error,—certainly not unless there has been a gross abuse of that discretion by the court. 1 Greenl. Ev. § 455.

6. Neither was there any error in excluding the questions put by defendant to the witnesses Keller and Hoag, respectively, by way of

cross-examination. In the case of Hoag the inquiry was not proper cross-examination. In the case of Keller it was entirely within the discretion of the court how far inquiries as to such collateral matters might be gone into for the purpose of showing the interest of the witness.

7. The defendant takes exception to some general remarks by the court in his charge to the jury in regard to the value to a woman of her reputation for chastity, and the great injury she sustains socially and otherwise by its loss. The remarks of the court on that subject were somewhat extended, and might possibly have tended to stimulate the natural feelings of a jury on that subject, but we cannot see anything in them that amounted to error. The matters alluded to had a legitimate bearing upon the issues in the case, and it was not improper to call the attention of the jury to them. The defendant also complains that the damages awarded ($4,000) were excessive. Under all the circumstances the amount does appear to us quite large. We would have been better satisfied had it been less. But we can see nothing that would justify us in interfering with the verdict on that ground. In an action of this kind the amount of damages is always a subject for the exercise of the sound discretion of the jury, who may give more or less, according to their conclusions from the whole case respecting the motives of the publisher. A verdict will not be set aside, especially by an appellate court, unless the case be such as to furnish evidence of prejudice, partiality, or corruption on the part of the jury. The case must be gross to justify ordering a new trial on the question of damages. Townshend on Slander, § 293. In this case the plaintiff was a married woman, about to become a mother, or already the mother, of a babe, and had been separated from her husband, (why, does not appear,) and hence deprived of her natural protector. The defendant had repeatedly accused her to various persons, as the jury have found, of the crime of adultery. This he did without any justification or apparent excuse, and hence, the inference is, purely from feelings of malice. Under these circumstances the verdict must stand.

Order affirmed.