SAMUEL TREBBY v. WESTERN INSURANCE COMPANY OF
PITTSBURGH.[1]

June 14, 1901.

Nos. 12,541—(31).

Employment by Agent.

Evidence *held* sufficient to establish the authority of defendant's ad-
juster to employ the plaintiff on its behalf to assist in the settlement of
a fire loss.

Appeal by defendant from an order of the district court for
Morrison county, Searle, J., denying a motion for a new trial.
Affirmed.

*E. P. Adams,* for appellant.

*F. W. Lyon* and *D. T. Calhoun,* for respondent.

START, C. J.

This action was brought in justice court to recover for services
which the plaintiff claimed to have rendered to the defendant at
its request in looking up evidence to aid in the settlement of a
certain fire loss. An appeal was taken from the judgment of the
justice to the district court, where the case was tried by the court
without a jury, and judgment ordered for the plaintiff in the sum
of $30. The defendant appealed from an order denying its motion
for a new trial.

There was evidence on the part of the plaintiff tending to show
that he rendered the services for which he claims pay to the de-
fendant at the request of its alleged agent, C. G. Bates, and that
he was entitled to recover the amount awarded. The sole ques-
tion on this appeal meriting any serious consideration is whether
the evidence was sufficient to sustain a finding to the effect that
Mr. Bates was authorized to employ the plaintiff on behalf of the
defendant. If he was not, the defendant's assignments of error
are well taken; otherwise not. Mr. Bates was called as a witness
by the defendant, and testified to the effect that he settled the fire

[1] Reported in 86 N. W. 407.

loss in question for it; that he was engaged in the business three days; that he employed the plaintiff conditionally in the matter,— that is, he agreed to give him $25 if he could settle the loss for $300, but that he failed to do so; that other than this he did not employ him at all. No direct evidence was given by either party as to the actual authority of Mr. Bates. But the fair inference from the evidence offered by the defendant itself is that he was its adjuster, and as such authorized to settle the loss, and to do whatever was reasonably necessary to bring about that result; hence, as such adjuster, he was prima facie authorized to employ the plaintiff to render the services here in question. If the adjuster did in fact exceed his authority, it was a matter within the exclusive knowledge of the defendant, and, in the absence of any evidence that he did, we hold, upon the whole record, that the evidence is sufficient to establish his authority in the premises. First Nat. Bank v. Manchester Fire Assur. Co., 64 Minn. 96, 66 N. W. 136.

Order affirmed.