POMEROY INK COMPANY v. ELTWEED POMEROY.

Submitted March 18, 1910—Decided June 13, 1910.

1. Since the adoption of the one hundred and sixth section of the Practice act (*Pamph. L.* 1903, *p.* 537), whereby the pleader may impute any meaning to the words published in an action of libel, a demurrer to a declaration is unavailing to question the propriety of the imputed meaning, for the imputed meaning of the words is admitted by the demurrer.

2. When a declaration charges the defendant with the composition and publication of a libelous article, it is immaterial that the article is couched in the form of hearsay.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the demurrant, *Helm & Knight.*

For the plaintiff, *Frank Benjamin.*

The opinion of the court was delivered by

VOORHEES, J. This is a demurrer to a declaration for libel. The libelous words are:

"It is said that the company which took over the old business of Pomeroy Brothers Company, which Eltweed Pomeroy had to let go of because of his sickness, did not satisfy some particular customers, and these have almost persuaded Mr. Pomeroy to return to the business which he managed so successfully for thirty years."

The innuendo "meaning thereby that the said plaintiff was not manufacturing and selling proper goods and merchandise to its customers and was not dealing fairly with its customers."

It is urged that under the one hundred and sixth section of the Practice act, while the pleader may aver that the words were used in any defamatory sense he may see fit to attribute to them, yet the innuendo cannot enlarge or extend the meaning of the words. *Joralemon* v. *Pomeroy,* 2 *Zab.* 271; *Cole* v. *Grant,* 3 *Harr.* 327. The above section of the Practice act, however, has changed the common law rule in actions for libel, and the averment of a special defamatory sense is all that is necessary. *Andrew* v. *Deshler,* 14 *Vroom* 16; *Curley* v. *Feeney,* 33 *Id.* 70. Moreover, the innuendo does not attribute to the words used a meaning which they are incapable of bearing.

If it were otherwise, however, since the adoption of the one hundred and sixth section of the Practice act, whereby the pleader may impute any meaning to the words published, a demurrer is unavailing to question the propriety of the imputed meaning, for the imputed meaning of the words is ad-

mitted by the demurrer. *Empire Cream Separator Co.* v. *De Laval Dairy Supply Co.,* 46 *Vroom* 207.

. It is next objected that on the face of the declaration it appears that the words are not the words and libel of the defendant. It is argued that because the statement is introduced by the words "it is said," shows affirmatively that the defendant did not originate the libel, but merely that he had heard it alleged.

The declaration charges the defendant with the composition and publication of the article. It is immaterial that a libel, if composed by the defendant, is couched in the form of hearsay. Chief Justice Hornblower, in *Schenck* v. *Schenck, Spenc.* 208, thus disposes of this question:

"A man may slander or libel another as effectually by circulating rumors or reports, or by putting his communication, spoken or written, in the shape of hearsays, as by making distinct assertions of the slanderous matter and giving them out as truths within his own knowledge, or for the accuracy of which he pledges his own veracity. The only difference is the latter class of calumniators are rather the more honorable of the two, if any comparison can be made between such characters."

The last point, that there is not a proper averment of special damage, is not set up among the grounds of demurrer and cannot be noticed.

The plaintiff is entitled to judgment upon the demurrer.