## SEVER PETERSON v. ELIAS STEENERSON.[1]

December 23, 1910.

Nos. 16,781—(117).

**Libel — privilege of public officers.**

The general rule that libelous or slanderous statements uttered and published in the course of judicial or legislative proceedings are absolutely privileged does not extend or apply to public officers in general.

**Same — report of public officer.**

Libelous publications, contained in reports of public officers other than in judicial or legislative proceedings, are only qualifiedly privileged.

**Burden of proof.**

In such case the official character of the report prima facie protects the officer, and the burden is upon the person claiming to have been libeled to prove the falsity of the report and the malice of the author thereof.

Action in the district court for Polk county to recover $10,000 damages alleged to have been sustained by plaintiff because of his removal from office as a rural mail carrier through the malicious publication of false charges against plaintiff. The complaint alleged, among other things, that "the defendant above named wrongfully and maliciously set about to effect the removal and discharge of this plaintiff from his appointment as such mail carrier, and in order to effectuate such removal and discharge the defendant above named on the 29th of May, 1909, maliciously, wantonly and falsely made, published and preferred certain false, malicious and fraud-

[1] Reported in 129 N. W. 147.

ulent charges of and concerning this plaintiff to the postmaster general at Washington, D. C., which charges so made by the defendant against this plaintiff were to said defendant made in writing and were in words and figures as follows" (here follow the charges verbatim).

From an order Watts, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*W. E. Rowe,* for appellant.

*A. A. Miller,* for respondent.

BROWN, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint. The complaint alleges that during the times stated therein plaintiff was a duly appointed, qualified, and acting rural delivery mail carrier of the United States Post Office Department, stationed at Crookston, this state; that defendant was the duly qualified and acting postmaster at Crookston; that during the early part of the year 1909 defendant set about to secure the removal of plaintiff from his position as rural carrier, and, to effectuate his purpose and design, maliciously, wantonly, and falsely made, published, and preferred certain false, malicious, and fraudulent charges of and concerning plaintiff to the postmaster general, at Washington, D. C. The charges so made are set out in the complaint, and impute to plaintiff misconduct in his office, and conduct detrimental to the best interests of the service, and were, if true, sufficient cause for his removal from office. The complaint then alleges that the charges so made were in all respects false and untrue, and known to defendant to be false when so made by him. It further alleges that, acting upon the charges, the Post Office Department removed plaintiff from office.

Plaintiff claims the right to recover, not for any injury to his name or reputation, but for the loss of his position. And though the action is not, strictly speaking, one for libel, the rights and liabilities of the parties respecting the question here presented are controlled by the rules of law applicable to that subject.

It is contended by defendant, and upon this theory the learne l

trial court sustained the demurrer to the complaint, that the report to the postmaster general, having been made by defendant in the due discharge of his official duties as postmaster, is absolutely privileged, irrespective of the motive prompting it. This contention presents the principal question discussed by counsel. We assume, in disposing of the case, the correctness of the contention that defendant made the report in the performance of his official duties.

It is a rule of general application in this country that libelous or slanderous matter published in the due course of judicial or legislative proceedings is absolutely privileged, and will not support an action, although made maliciously and with knowledge of its falsity, if pertinent or relevant to the issues in litigation or matter under inquiry. 25 Cyc. 376; Sheppard v. Bryant, 191 Mass. 591, 78 N. E. 394, 6 Am. & Eng. Ann. Cas. 802. The rule is broad and comprehensive, including within its scope all proceedings of a judicial nature, whether pending in some court of justice, or other tribunal, or officer clothed with judicial or quasi judicial powers, and all legislative bodies, state or municipal. In cases of other publications of libelous or slanderous matter, there may be a qualified privilege, depending upon the nature of the publication and its purpose, and the occasion of its publication. Within this class come communications, like that at bar, by a public officer in the discharge of his official duties. 25 Cyc. 387, and cases cited.

The privilege, however, is not absolute, and if the communication contain matters which are false, and known to be false, and be maliciously made, the privilege ceases, and recovery may be had. Though the rule is much broader in England, the courts of this country have been disinclined to extend it beyond judicial and legislative proceedings. An apparent departure was made by the supreme court of the United States in Spalding v. Vilas, 161 U. S. 483, 16 Sup. Ct. 631, 40 L. ed. 780, where the postmaster general was held not liable for statements made by him in a report made in the performance of his official duties. There perhaps can be no criticism of that decision as applied to the head of one of the executive departments of government; but the propriety of making the rule universal, and extending it to all public officers, may well be

doubted. See note to De Arnaud v. Ainsworth, 24 App. Cas. (D. C.) 167, 5 L.R.A.(N.S.) 163, where the authorities pertinent to the subject are collected. The Spalding case supports defendant's contention, if the rule there laid down is to be extended and applied to public officers generally.

We are of the opinion that the rule of absolute privilege should be confined to its present limited application, and should not be extended to a case like that at bar. The case is therefore controlled by the rule of qualified privilege, and by that defendant's liability must be tested. Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L.R.A. 440. The privilege being qualified, the fact that the communication was made to the postmaster general in the performance of defendant's official duties prima facie protects him, and the burden of proving the falsity of the charges and the malicious motive of defendant rests upon plaintiff. The scienter is sufficiently charged in the complaint, and within the rule and for the reasons stated we hold that a cause of action is stated. Wabash v. Young, 162 Ind. 102, 69 N. E. 1003, 4 L.R.A.(N.S.) 1091, and note.

The matters referred to in the fourth and fifth subdivisions of defendant's brief may arise upon the trial, but cannot be disposed of upon demurrer. The facts made the basis of the points there discussed do not appear upon the face of the complaint. Nor are we to be understood as holding that proceedings for the removal of public officers for misconduct are not as a matter of law in their nature judicial or without the rule of absolute privilege. Larkin v. Noonan, 19 Wis. 93. So far as appears from the allegations of the complaint, no such proceeding was pending, and we are bound to assume that the conduct of defendant was voluntary and malicious, and that the charges made were to his knowledge false and untrue. The complaint alleges that the charges so made were the basis of the order removing plaintiff from his position, and were therefore the proximate cause of the injury complained of. The nature of plaintiff's tenure of office, whether during good behavior, under the civil service rules of the federal government, and subject to removal only for cause, is a question proper for consideration on the trial, as bearing upon the measure of damages.

Order reversed.