# HANS J. HANSEN v. NICHOLUS HANSEN.[1]

## July 17, 1914.

## Nos. 18,624—(163).

**Libel — privilege — actual malice.**
1. A letter sent to the county superintendent of schools, by the father of a pupil in a district school, containing charges of impropriety by another pupil upon the school grounds during school or recess hours, is qualifiedly privileged. Actual malice must be proved before there can be a recovery in libel.

**Evidence of actual malice.**
2. Evidence in proof of actual malice may be extrinsic, as of previous ill feeling or personal hostility; or intrinsic, inherent in the language itself or the mode of its publication.

**Same.**
3. The facts of this case failed to establish malice by either class of proof.

**Evidence inadmissible.**
4. There was no reversible error in exclusion of evidence.

Action in the district court for Freeborn county to recover $2,000. The case was tried before Kingsley, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Henry A. Morgan* and *John F. D. Meighen,* for appellant.
*Norman E. Peterson,* for respondent.

HALLAM, J.

This is an action of libel brought on behalf of Harvey Hansen, a school boy 11 years old. The publication complained of is a letter written by defendant and one Meyer to the county superintendent of schools. These men were both parents of girls who were in the same district school as Harvey Hansen. No useful purpose would

---

[1] Reported in 148 N. W. 457.

be served by repeating here the language of the letter. Some of the statements were libelous, if false. They impute to the boy unbecoming and degrading language and conduct about the school grounds during school and recess hours. The trial judge dismissed the case on the ground that the communication was one of qualified privilege, that defendant was accordingly not liable without proof of actual malice, and that no actual malice was shown. The principal contentions on this appeal are, that the evidence received was such as to require the submission of the question of malice to the jury, and that the court erred in the exclusion of certain evidence. The trial court was right.

The communication was not absolutely privileged. The rule as to what constitutes absolute privilege is well stated in Peterson v. Steenerson, 113 Minn. 87, 129 N. W. 147, 31 L.R.A.(N.S.) 674. This case is admittedly not within this rule.

1. As to qualified privilege, "the rule is that a communication made in good faith upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, public or private, either legal, moral or social, if made to a person having a corresponding interest or duty, is privileged." Marks v. Baker, 28 Minn. 162, 164, 9 N. W. 678, 679. In such case, the communication being privileged, the burden is cast upon plaintiff to show malice in fact; that is, that the defendant was actuated by ill will or improper motive, or that he acted causelessly and wantonly, to the injury of the plaintiff. When made on a privileged occasion, the law does not imply malice from the communication itself nor from its falsity, as in the ordinary case of libel. Hebner v. Great Northern Ry. Co. 78 Minn. 289, 80 N. W. 1128, 79 Am. St. 387. Within these rules we hold that a letter sent to the county superintendent of schools by the father of a pupil in a district school, containing charges of impropriety by another pupil upon the school grounds, during school or recess hours, is qualifiedly privileged. Actual malice must be proved before there can be a recovery in libel, and in the absence of such proof plaintiff cannot recover.

2. Evidence in proof of actual malice "may either be extrinsic as of previous ill feeling or personal hostility between the parties, threats,

rivalry, squabbles, other actions, former libels or slanders, and the like; or intrinsic—the violence of defendant's language, and the mode and extent of its publication." Newell, Slander & Libel (2d ed.) p. 324, § 24.

3. It is not necessary to review the testimony intended to furnish extrinsic proof of malice. This may be disposed of by reference to the testimony of plaintiff, Hans J. Hansen, himself. He gave testimony as follows:

"Q. Have you heard anything that indicated that he had any malicious intent toward your boy, except what is in the letter?

A. Why, he made some remarks at our first meeting, but not anything that I thought anything of.

Q. Nothing of importance?

A. Nothing of importance."

We think it also clear that no proof of malice was made out by the circumstances of the communication itself. The statements made were reported as facts to defendant and Meyer by their little girls, pupils in the same school. It was Meyer who conceived the idea of the letter to the county superintendent, and who wrote and signed it. After doing so he brought it to defendant and asked him to sign it with him, and defendant did so. The letter was sent to the county superintendent, and to no one else. Plaintiff, Hans J. Hansen, went to the county superintendent and there saw it. The letter was written April 21, 1913. After the letter came to the attention of plaintiff, Hans J. Hansen, and on April 28, he had a conversation with defendant in which they "talked the matter over for some length of time." In this conversation plaintiff said defendant told him that Mrs. Meyer read the letter to his wife and his wife explained it to him, and he signed it. Defendant then told him of the reports he had heard and said "it looked to him now as though these things were stretched a little," said he was sorry that he ever signed that letter or ever sent it, and asked if he could not retract or apologize and be done with it. Plaintiff said he would be satisfied with an apology but insisted that defendant sign an apology in writing which was then being prepared by his attorney. Defendant then said in the presence of two witnesses he would do so; plaintiff later took

the proposed retraction to defendant's home in his absence, and still later plaintiff called the defendant up by telephone. Defendant then said "he wouldn't sign these papers." Other warm words followed, and this suit was brought.

It is impossible to read plaintiff's testimony and his account of this transaction, in connection with the testimony of defendant, without being forced to the conviction that defendant was not actuated by malice in fact toward Harvey Hansen or his father at any time prior to the time of the meeting of April 28. We think the evidence insufficient to warrant a jury in finding that the letter was signed or published by defendant with malice in fact, and that the court was justified in dismissing the case. Wide latitude should be allowed to the father of young girls in protection of their morals. The county superintendent was a proper person to whom to make a report as to such occurrences, and upon all the facts of the case no award of damages to plaintiff could be sustained.

4. There was no reversible error in the exclusion of evidence. Plaintiff called the teacher of the school and offered to prove by her facts from which he contended malice might be inferred. There was no error in exclusion of this evidence. Some of the offers of proof pertained to matters of which, in the nature of things, she could have no knowledge. Some of the proposed testimony was designed to prove pre-existing malice which had already been refuted by the evidence of plaintiff himself. Some was immaterial to any issue in the case.

Plaintiff also made offers to prove knowledge of the falsity of some of the statements contained in the letter by calling defendant for cross-examination. Defendant had already been examined at length by plaintiff's counsel as to his knowledge of these facts and had been dismissed from the stand. There was no error in sustaining objection to these offers.

Error is assigned in refusal of the court to receive evidence of ill feeling toward plaintiff, Hans J. Hansen, father of Harvey Hansen, by defendant. Conceding that testimony of this character was admissible at all, there was no offer of proof from which the court can say that the evidence plaintiff sought to elicit was material.

Order affirmed.