## T. H. FROSLEE v. LUND'S STATE BANK OF VINING.[1]

December 17, 1915.

Nos. 19,542—(165).

**Libel — statement in letter.**

    1. A statement in writing by a bank concerning a grain buyer as follows: "Financially weak and is in the habit of borrowing from farmers whenever he can get it and all he can get. His credit at the above bank was shut off last June," is *prima facie* libelous *per se* if untrue.

**Same — evidence.**

    2. The evidence is such as to sustain a finding that the statements made were not true.

**Same — privilege — malice.**

    3. The statement being made in answer to a confidential communication from one who was contemplating loaning money on the security of the grain buyer's note, the occasion was qualifiedly privileged, and no action lies for the publication, unless it was made with malice in fact. As to this the burden of proof is upon the plaintiff. Knowledge of the falsity of the statements is proof of malice. There is sufficient evidence in this case to sustain a finding of malice in fact.

**Damages not excessive.**

    4. A verdict for $500 is not excessive. Though no special damage was shown, the case is one where damages in some substantial amount might be given, and this court should not set aside the verdict on

[1] Reported in 155 N. W. 619.

---

Note.—As to measure of damages for libel or slander reflecting on responsibility of merchant, see note in 44 L.R.A.(N.S.) 351.

the ground of excessive damages "unless the case be such as to furnish evidence of prejudice, partiality or corruption on the part of the jury."

Action in the district court for Otter Tail county to recover $5,000. The answer alleged that the report and statement made were in all respects true and that the same were sent in good faith and without malice. The facts are stated in the opinion. The case was tried before Parsons, J., and a jury which returned a verdict for $500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*N. F. Field,* for appellant.

*N. T. Moen* and *M. J. Daly,* for respondent.

HALLAM, J.

1. In October, 1912, plaintiff was in the business of buying grain from farmers at Vining, Minnesota. In the preceding month he had made an arrangement with the P. B. Mann Company, a grain firm of Minneapolis, through its traveling solicitor, Mr. Sustad, whereby the Mann Company was to handle all the grain that be bought during that season, and was to advance him money without security up to $3,000 to enable him to handle the season's business. Before the middle of October $1,000 had been advanced. At this point the Mann Company applied to the Union Investment Company for a loan, and offered plaintiff's note as collateral security.

Thereupon the Investment Company wrote defendant as follows:

"Will you kindly favor us with your opinion concerning the promptness, integrity, habits, ability, financial strength of (plaintiff) and state if, in your judgment, the management is such as to promote success. Your answer will be treated as confidential * * *"

Defendant answered as follows:

"Habits varying according to association. Financially weak and is in the habit of borrowing from farmers whenever he can get it and all he can get. His credit at above bank was shut off last June. Has little or no exempt property and is a kicker and political crank."

The Investment Company handed the letter to the Mann Company. This company thereupon wrote Sustad as follows:

"Now after such a report as that I think we better get our $1,000 as soon as possible and advance money only on bill of lading, unless you are willing to be responsible for him."

Sustad thereupon agreed to become responsible for plaintiff and his relations with the Mann Company continued.

Plaintiff sued for libel and recovered a verdict. Defendant appeals.

The court instructed the jury that the language with reference to plaintiff's habits and the statement that he was "a kicker and political crank" were not libelous. No question is raised as to the libelous character of the remaining language. Defendant contends that the facts stated in the communication were true, and that in any event the communication was privileged.

2. As to the truth of the statements.

The first statement is that plaintiff was "financially weak." The term "financially weak" is a relative term. A man may be "financially weak" for handling large undertakings, and yet be financially strong for carrying on a small business. This statement was made with reference to plaintiff as a buyer and shipper of grain at a village of 200 inhabitants. The statement that he was "financially weak" imputed doubtful credit and responsibility and cast doubt on his financial ability to properly carry on his business and meet his obligations. The evidence showed that plaintiff was in the habit of paying for the grain that he bought and that he was generally taking care of his obligations in a business-like manner. He had accumulated some property. It was for the most part incumbered, but had a margin of value over the incumbrance. He carried overdrafts at the bank at times, but this was acquiesced in by the bank and he paid interest thereon. He used some borrowed money in his business, most business men do, but his manner of taking care of his obligations was such that Sustad, who has known him for years, was willing to guarantee advances to him to the amount of $3,000 without security.

The evidence is sufficient to sustain a finding that the statement that plaintiff was "financially weak" was not true.

The statement that he was "in the habit of borrowing from farmers whenever he can get it and all he can get," clearly imputed an improvident habit of borrowing. Plaintiff did borrow from farmers, but, so

far as appears, he had either repaid his loans or was still carrying them on terms and in a manner satisfactory to the lenders. The jury might find this charge untrue.

The truth of the statement that "his credit at above (defendant) bank was shut off last June," is in dispute. Plaintiff had formerly carried his account in defendant bank and carried overdrafts there. Relations were terminated. Defendant claims it refused to carry him further. Plaintiff denies this and claims that the breaking off of business relations was because of dissatisfaction on his part. The jury might find this statement in the letter untrue.

3. The law of the case is clear. The occasion was qualifiedly privileged (Marks v. Baker, 28 Minn. 162, 9 N. W. 678; Hebner v. Great Northern Ry. Co. 78 Minn. 289, 80 N. W. 1128, 79 Am. St. 387; Hansen v. Hansen, 126 Minn. 426, 148 N. W. 457) ; and no action lies for the publication, even though false, unless it was made with malice in fact. The burden of proof of malice is upon the plaintiff. The occasion loses its privilege, however, if the statement is in fact false, and knowledge of the falsity is brought home to the person making it. State v. Ford, 82 Minn. 452, 455, 85 N. W. 217; Virtue v. Creamery Package Mnfg. Co. 123 Minn. 17, 46-47, 142 N. W. 930, 1136, L.R.A. 1915B, 1179, 1195. There was some evidence from which it might be inferred that defendant knew of the falsity of some of the statements made. There was also some evidence of ill feeling between defendant's cashier and plaintiff. It is also to be noted the letter of inquiry called for information as to matters such as promptness and integrity, as to which there was no doubt and as to which any answer made would of necessity have been favorable to plaintiff; yet, as to these, defendant's letter was silent. The statements as to character and as to political characteristics, while not libelous, might well be construed as manifesting some ill feeling. The finding of malice in fact is sustained.

4. It is claimed the damages are excessive. The case has been twice tried. The first jury gave plaintiff $1,000. The second gave him $500. No special damage was shown, but, where a publication is libelous *per se,* a verdict for some substantial amount will be sustained even though no special damage is proven. 25 Cyc. 490; Svendsen v. State Bank of Duluth, 64 Minn. 40, 65 N. W. 1086, 31 L.R.A. 552, 58 Am. St. 522;

Bradley v. Cramer, 66 Wis. 297, 304, 28 N. W. 372. Where no special damage is shown it may be difficult to measure the damage in money, but the jury must measure it as best they can. In such case the amount of damages is a subject for the exercise of sound judicial discretion. The statement was a damaging one. Had it not been for the friendship of Sustad, plaintiff's business relations with the Mann Company would have been terminated. The case was also one where the jury might, in their discretion, give some amount as punitive damages. In actions of this kind a verdict will not be set aside by an appellate court on the ground of excessive damages "unless the case be such as to furnish evidence of prejudice, partiality or corruption on the part of the jury. The case must be gross to justify ordering a new trial on the question of damages." Blakeman v. Blakeman, 31 Minn. 396, 400, 18 N. W. 103, 105.

Order affirmed.