## LOUIS R. PATMONT v. INTERNATIONAL CHRISTIAN MISSIONARY ASSOCIATION.[1]

### March 28, 1919.

### No. 21,011.

**Libel — qualified privilege — malice.**

1. A religious corporation maintaining a church and a Bible college is, upon hearing reports derogatory to the character of the dean of its college, qualifiedly privileged in directing an investigation, and in entering its action reciting the nature of the reports on its corporate records, and in calling the attention thereto of its officers directly interested, and it cannot be charged with libel for so doing except upon proof of actual malice.

**Same — evidence of rumors concerning plaintiff admissible.**

2. One cannot escape liability for the spread of libelous matter by stating it as a matter of rumor or report, but a defendant situated as stated in the preceding paragraph, seeking to avail itself of the defense of qualified privilege, and to rebut proof of malice, may show that rumors of reports as to the character of the plaintiff, of the kind which it sought to investigate, came to its attention prior to corporate action, and that it honestly and in good faith and without malice acted thereon, and ordered an investigation, and in this case it was error to refuse evidence of such rumors and reports coming to the defendant.

Action in the district court court for Hennepin county to recover $25,000 for libel. Defendant demurred to the complaint on the ground that the facts stated did not constitute a cause of action. The demurrer was overruled, Molyneaux, J., and defendant answered. The case was tried before Steele, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $500. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

[1] Reported in 171 N. W. 302.

*Arthur Markve,* for appellant.
*Olof L. Bruce,* for respondent.

DIBELL, J.

Action for libel. There was a verdict and judgment for the plaintiff. The defendant appeals from the judgment.

1. The defendant is a corporation organized under the laws of this state relating to religious and charitable corporations, and has a church and a Bible college at Minneapolis. The plaintiff is a minister of the gospel and in 1916 was dean of the Bible college.

On May 26, 1916, the defendant caused to be inserted in its minutes the following statement:

"A motion was made by Mr. Potts and seconded by Mr. Stone that the board file charges against M. M. Moss, F. O. Peters and Louis R. Patmont for conspiracy to injure D. E. Olson an elder of the University Place Church of Christ and president of the International Christian Missionary Association, and also International Christian Bible College, to investigate reports against the character of Louis R. Patmont in regard to his relationship with girls, which, to say the least, throws grave suspicion on his purity of life."

Carbon copies were to a limited extent circulated. Measures were taken by the defendant to investigate the so-called reports and Potts and Stone, who were members of its executive board, were made a committee of investigation. The plaintiff claims that the latter portion of the quotation, referring to his relationship with girls, is libelous, and it is so. Cole v. Millspaugh, 111 Minn. 159, 126 N. W. 626, 28 L.R.A.(N.S.) 152, 137 Am. St. 546, 20 Ann. Cas. 717. The defendant claims a qualified privilege.

The relation of the plaintiff to the defendant association and its Bible school was such that if reports of the character indicated came to its governing·body it could in good faith and with an honest purpose and without malice cause an investigation to be made and could communicate the reports to its officers directly interested without rendering itself liable in an action for libel. In other words the occasion was one of qualified privilege, and the defendant could not be held liable except upon proof of actual malice. The principle finds expression in various

situations and we need cite only a few illustrative cases: Redgate v. Roush, 61 Kan. 480, 59 Pac. 1050, 48 L.R.A. 236; Howard v. Dickie, 120 Mich. 238, 79 N. W. 191; Pendleton v. Hawkins, 11 App. Div. 602, 42 N. Y. Supp. 626; Hoover v. Jordan, 27 Colo. App. 515, 150 Pac. 333; Burch v. Bernard, 107 Minn. 210, 120 N. W. 33; Marks v. Baker, 28 Minn. 162, 9 N. W. 678; Hansen v. Hansen, 126 Minn. 426, 148 N. W. 457, L.R.A. 1915A, 104; 25 Cyc. 385, et seq.; 17 R. C. L. 341, 369; 18 Am. & Eng. Enc. (2d ed.) 1029, et seq.; Newell, Slander & L. § 561, et seq.

2. When Potts was on the stand inquiries were made of him whether he had heard rumors relative to the plaintiff of the character noted. Objections by the plaintiff were sustained and exceptions taken and the rulings are assigned as error.

The objections were made upon the ground that one cannot defend against a charge of libel by proving that he did no more than circulate or repeat rumors libelous in character. This may be conceded. Schenck v. Schenck, 20 N. J. Law, 208; Nicholson v. Rust, 52 S. W. 933, 21 Ky. Law Rep. 645; Brewer v. Chase, 121 Mich. 526, 80 N. W. 575, 46 L.R.A. 397, 80 Am. St. 527; Haynes v. Robertson, 190 Mo. App. 156, 175 S. W. 290; Pomeroy Ink Co. v. Pomeroy, 80 N. J. Law, 224, 76 Atl. 326; 17 R. C. L. 319; Ann. Cas. 1915D, 893; 18 Am. & Eng. Enc. (2d ed.) 972; Newell, S. & L. § 435, et seq. Here, however, the church organization had provided for an investigation of certain reports or rumors, had made its preliminary action a matter of record, had circulated copies of the record, and was put to a defense against a charge of actual malice of which there was some proof. It was claiming a qualified privilege. Testimony that rumors worthy of serious attention came to the officers of the association and were honestly acted upon was relevant. The defendant at one time assumed that the charge against it was that it falsely circulated a statement that there were reports going about derogatory of the plaintiff, and that a showing that there were such reports was a defense. This was manifestly erroneous. Finally it reached the correct basis for the introduction of evidence of rumors and reports and the court was apprised of it.

The court was in error in its ruling. To some extent it affected the defense of the defendant and a new trial should result.

It should be noticed that this is not a case where a corporation or association is acting under a statutory power or other authority, judicial or quasi-judicial in nature, and in making a finding or enforcing discipline asserts freedom for an erroneous or even malicious decision because of the judicial character with which it is clothed. It is simply a case where a common law qualified privilege is asserted, and the plaintiff does not claim that there has been an excessive publication resulting in a loss of privilege.

Judgment reversed.