A. J. McKENZIE v. THE WILLIAM J. BURNS
INTERNATIONAL DETECTIVE AGENCY, INC.[1]

June 24, 1921.

No. 22,253.

**Slander — privileged communication — malice.**

1. The conversation in which the slanderous language is alleged to have been used was qualifiedly privileged, and plaintiff failed to prove actual malice.

**Same.**

2. The fact that the slanderous language was incidentally overheard

[1] Reported in 183 N. W. 516.

by persons in an adjoining room, was not such a publication as would remove it from the protection of the privilege.

Action in the district court for Hennepin county to recover $5,000 for slander. The case was tried before Jelley, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*F. D. Larrabee,* for appellant.

*Selover, Schultz & Mansfield,* for respondent.

TAYLOR, C.

Action for slander in which the trial court directed a verdict for the defendant, and the plaintiff appeals from an order refusing a new trial.

Plaintiff had been in the employ of the Minneapolis branch of the defendant, and shortly after he left their employ defendant claimed that he had overdrawn his account, and sent for him to come to the office. He went to the office and was taken into the private office of Mr. Rogers, the manager of the Minneapolis branch, where he found Mr. Rogers and William J. Burns, the president of the defendant corporation. He charges that, in the controversy that ensued between himself on one side and Mr. Rogers and Mr. Burns on the other concerning his account, Mr. Burns called him a "damn thief." Although Mr. Burns and Mr. Rogers deny that this language was used, there was sufficient evidence on the part of plaintiff to make this issue a question for the jury.

Plaintiff concedes, in effect, that the circumstances were such that the conversation between the parties during this interview, and the communications then made, were qualifiedly privileged. The statement having been made on a privileged occasion, plaintiff could not recover unless he proved actual malice on the part of Burns; that is, that Burns made the statement from ill-will and improper motives, or causelessly and wantonly for the purpose of injuring the plaintiff. Peterson v. Steenerson, 113 Minn. 87, 129 N. W. 147, 31 L.R.A.(N.S.) 674; Hansen v. Hansen, 126 Minn. 426, 148 N. W. 457, L.R.A. 1915A, 104; Froslee v. Lund's State Bank of Vining, 131 Minn. 435, 155 N. W.

619; Patmont v. International C. M. Assn. 142 Minn. 147, 171 N. W. 302.

It seems quite clear that, in consequence of an error of the bookkeeper in failing to charge him with a payment previously made, plaintiff had been paid more salary than was actually due him. Burns and Rogers insisted that he should return the overpayment. During the discussion, it appeared from plaintiff's own statement that in his expense account he had charged defendant with larger amounts paid for meals than he actually paid for them. He claimed, however, that he had the right to do this so long as the amounts charged did not exceed the amounts which he was allowed to spend for such purpose. These facts appear from his own testimony. The defamatory language is claimed to have been used during this discussion which, according to plaintiff, became somewhat heated. It took place in the private office of the manager and the only persons present were the plaintiff and Burns and Rogers. Burns and plaintiff were entire strangers, never having met before. We think that plaintiff failed to sustain the burden of proving that, in making the statement, Burns was actuated by ill-will and a malicious motive, or that he made it causelessly and wantonly for the purpose of injuring plaintiff in his feelings or character. It was a remark made on a privileged occasion, to plaintiff himself, during a heated dispute, and there was some foundation for the charge.

There was evidence that the statement was overheard by other employes of defendant in adjoining rooms, but, the conversation being privileged, the fact that it was incidentally overheard by persons in an adjoining room was not a publication of the nature or extent which would remove it from the protection of the privilege. See cases cited in note found in Ann. Cas. 1917E, 699; Hebner v. Great Northern Ry. Co. 78 Minn. 289, 80 N. W. 1128, 79 Am. St. 387.

Order affirmed.