## ELIZABETH McBRIDE v. SEARS, ROEBUCK AND CO.

235 N. W. 2d 371.

October 31, 1975—No. 44923.

*Magistad & Noonan, James Magistad,* and *Russell J. Jensen,* for appellant.

*Gray, Plant, Mooty & Anderson* and *James R. Lande,* for respondent.

Heard before Sheran, C. J., and MacLaughlin and Knutson, JJ., and considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

Appeal from an order denying plaintiff's blended motion for a new trial or judgment notwithstanding the verdict. Plaintiff, a former employee of defendant, brought this action for slander and wrongful termination of employment. In her complaint and at trial she alleged that defendant's security employees in the course of an investigation of irregular, and possibly dishonest, employee practices had accused her of taking merchandise from the store without paying for it and baselessly caused her to be discharged. With respect to the slander claim, Sears raised the defense of qualified privilege. At the close of plaintiff's case, defendant moved for a directed verdict. The trial court granted the motion as to the wrongful discharge claim but denied it as to the slander claim. At the close of all of the evidence, defendant renewed its motion, which the trial court again denied. The jury, in answers to special interrogatories, found that the utterances in question were actionable per se, but that they were made under

circumstances entitling defendant to qualified privilege, and that defendant's employees did not act with malice. Thus, judgment was entered for defendant. We affirm.

In 1964, plaintiff was employed by defendant to perform various tasks in its St. Anthony catalogue store, which was managed by Judd Orff. In April 1970, another employee reported to Mr. Orff that plaintiff had been seen taking packages from the store without going through proper billing procedures and without having another employee process her orders as company policy required. Mr. Orff discovered that plaintiff had taken $138 worth of merchandise home on April 3, 1970, without paying for it, without having an order properly processed, and without placing the order form in the proper file so that the store would have a record of what happened to the merchandise. When confronted by Mr. Orff, plaintiff admitted that she had taken the merchandise home "on approval," argued that the other employees frequently did the same thing, and paid cash for the merchandise. Mr. Orff called a meeting of the employees that same day to explain how employee purchases were to be handled.

Later in April, it was discovered that a customer had paid $300 for an air conditioner which had never been ordered and that the store's records for April did not reflect the payment. Though the cost of the air conditioner was charged to the store in May, the books for that month nearly balanced. Other events indicated that plaintiff may have falsified a customer return slip. Mr. Orff investigated the situation, checking the records of all employees. He discovered that the paper work of all of the other employees was in order but that Mrs. McBride had ordered a number of items for which the store had no receipts. At that point Mr. Orff decided to call Security Officer Travis Bailey in to investigate the matter.

On June 2, 1970, Bailey and Delores Kohmen, another security employee, questioned plaintiff and accused her of having taken merchandise from Sears without paying for it. Plaintiff's

cause of action for slander is based upon the following utterances allegedly made by Bailey and Kohmen at that meeting:

"We know you have been taking things from Sears and not paying for it."

Plaintiff claimed that the utterances were made in a room with thin walls which did not reach the ceiling so that passersby may have heard the conversation. As further support that the conversations had been overheard, plaintiff testified that she had received a phone call and found a note in her mailbox accusing her of stealing from Sears.

Because he considered her explanation of these irregularities unsatisfactory, Mr. Bailey recommended that Mrs. McBride be discharged. She was discharged that same day.

Plaintiff has raised several issues on appeal regarding the propriety of the trial court's instructions and the drafting of the special interrogatories. Basically, plaintiff contends that the jury was so confused by the instructions and interrogatories that it returned a perverse verdict. Because we agree with defendant that the evidence was, as a matter of law, insufficient to support a verdict for the plaintiff, we need not reach or decide these issues. Any deficiencies in the instructions or interrogatories would, under the circumstances, constitute harmless error.

Our conclusion that there was no jury issue in this case is compelled by our holdings in Otto v. Charles T. Miller Hospital, 262 Minn. 408, 115 N. W. 2d 36 (1962) ; McKenzie v. W. J. Burns International Detective Agency, Inc. 149 Minn. 311, 183 N. W. 516 (1921) ; Hebner v. G. N. Ry. Co. 78 Minn. 289, 80 N. W. 1128 (1899). In each of these cases we upheld a directed verdict for defendant based on qualified privilege. In the Hebner case we stated the elements and effect of conditional privilege as follows:

"* * * The law is that a communication, to be privileged, must be made upon a proper occasion, from a proper motive, and must be based upon reasonable or probable cause. When so made in good faith, the law does not imply malice from the com-

munication itself, as in the ordinary case of libel. Actual malice must be proved, before there can be a recovery, and in the absence of such proof the plaintiff cannot recover." 78 Minn. 292, 80 N. W. 1129.

See, also, Restatement, Torts, §§ 593 to 596.

Applying these elements to the facts of the case at bar, we conclude as a matter of law that the communication made here was privileged. Communications between an employer's agents made in the course of investigating or punishing employee misconduct are made upon a proper occasion and for a proper purpose, as the employer has an important interest in protecting itself and the public against dishonest or otherwise harmful employees. We said in Hebner v. G. N. Ry. Co. 78 Minn. 289, 290, 80 N. W. 1128, 1129, where an employee was charged with "insolent and abusive" behavior to customers:

"* * * If one of defendant's servants had demonstrated his unfitness for a position held by him, it was for its interest, as well as for the interest of the public, that steps should be taken which would render the servant qualified and capable, or that he be dismissed. It would not only be for the interest of the company to remedy the evil, and to act so as to stop all future complaints, but it would be a matter of duty to the public."

See, also, Otto v. Charles T. Miller Hospital, 262 Minn. 408, 412, 115 N. W. 2d 36, 39. In addition, the evidence in this case conclusively established the existence of probable cause. Not only did Mrs. McBride admit to Judd Orff that she had taken home a large order of merchandise without paying for it and without preparing proper sales records, but defendant's claims of further irregularity in plaintiff's handling of the order for an air conditioner went unrefuted, both at the time of the incident and at trial. Moreover, plaintiff was seen carrying numerous packages from the store and had apparently prepared at least one false return slip. Finally, the matter concerning the air conditioner payment might have indicated to defendant that plaintiff was

tampering with its books. In Otto v. Charles T. Miller Hospital, *supra*, we held as a matter of law that an arson squad report to the effect that an employee was suspected of setting fires in the hospital and had refused to take a lie detector test gave her employer probable cause to believe the charge to be true. Defendant here had an even stronger basis to believe that Mrs. McBride had removed merchandise from the store without paying for it.

Plaintiff claims that any qualified privilege was overcome by actual malice. In an attempt to show malice, plaintiff relies on the testimony of Judd Orff and Travis Bailey. Mr. Bailey admitted that when he met with plaintiff he had insufficient information to reach a conclusion whether she had stolen anything. Mr. Orff testified that he called in Travis Bailey without having proof that plaintiff had stolen anything and without first asking her for an explanation of the irregularities. In cases of this type, we have defined malice as actual ill will, or a design causelessly and wantonly to injure plaintiff. Otto v. Charles T. Miller Hospital, *supra*; McKenzie v. W. J. Burns International Detective Agency, Inc. *supra*; Hebner v. G. N. Ry. Co. *supra*. As we noted above, plaintiff's evidence was insufficient to negative defendant's evidence of probable cause. The existence of probable cause is inconsistent with the claim that defendant acted causelessly and wantonly to injure plaintiff, and plaintiff did not attempt to establish actual ill will.[1]

Finally, plaintiff apparently attempted to show that the privilege was defeated by excessive publication. See, Restatement, Torts, § 604. Judd Orff, Travis Bailey, and Delores Kohmen were

---

[1] In cases involving constitutional privilege, we have applied a broader definition of malice, so that a showing of reckless disregard for the truth will suffice. E. g., Standke v. B. E. Darby & Sons, Inc. 291 Minn. 468, 193 N. W. 2d 139 (1971); Beatty v. Ellings, 285 Minn. 293, 173 N. W. 2d 12 (1969), certiorari denied, 398 U. S. 904, 90 S. Ct. 1694, 26 L. ed. 2d 63; Mahnke v. Northwest Publications, Inc. 280 Minn. 328, 160 N. W. 2d 1 (1968); Rose v. Koch, 278 Minn. 235, 154 N. W. 2d 409 (1967). Under this definition also, plaintiff's evidence falls far short of establishing malice.

all acting within the scope of their duties in investigating the matter, and any publication to any of them was privileged. Plaintiff attempted to show that passersby may have overheard the comments of Mr. Bailey and Ms. Kohmen, but "the conversation being privileged, the fact that it was incidentally overheard by persons in an adjoining room was not a publication of the nature or extent which would remove it from the protection of the privilege." McKenzie v. W. J. Burns International Detective Agency, Inc. 149 Minn. 311, 313, 183 N. W. 516, 517.

Affirmed.