Julius GUNNUFSON, Appellant,

v.

ONAN CORPORATION, Respondent.

No. C5–89–958.

Court of Appeals of Minnesota.

Jan. 16, 1990.

Linda A. Miller, Linda A. Miller, P.A., St. Paul, for appellant.

John M. Anderson and Regina M. Chu, Bassford, Heckt, Lockart, Truesdell & Briggs, P.A., Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and KALITOWSKI and STONE,[1] JJ.

## OPINION

KALITOWSKI, Judge.

Appellant brought an action against respondent for an unfair employment practice under Minn.Stat. § 363.03, subd. 1(2)(b) after he was discharged from his job. Discovery proceeded until respondent refused to provide information which it considered improper. Appellant brought a motion to compel discovery and a motion to amend the complaint. Respondent brought a motion for summary judgment. The motions were consolidated in one hearing. The trial court denied the motions to compel discovery and amend the pleadings and granted respondent's motion for summary judgment. Appellant challenges the denial of his motions and the grant of summary judgment.

## FACTS

Appellant Gunnufson was employed by respondent for over 12 years until he was terminated on October 13, 1986. Appellant had received good performance reviews prior to his discharge. The reason provided for appellant's discharge was his receipt of funeral leave pay to which he was not entitled.

Appellant and his wife were divorced. They subsequently reconciled and lived together with their children but did not remarry. Appellant requested leave to attend the funeral of his ex-wife's father whom he referred to as "my father-in-law." Respondent allowed appellant to take the time off and included funeral leave pay in appellant's paycheck.

Following appellant's return to work, several of respondent's management employees met with him and confronted him with his divorce decree. Appellant explained that he considered himself to be common law married and that he had not requested pay for the time he took off to attend the funeral. The meeting was terminated and appellant's personnel records were reviewed. Appellant was subsequently informed that he was discharged. A handwritten notice of discharge was prepared by appellant's supervisor, typed by the personnel department, signed by the employees who attended the meeting with appellant, and placed in appellant's employee file.

Appellant had undergone a colostomy when he was approximately two years old. This condition sometimes necessitated that he take more than the allotted ten-minute break to use the bathroom facilities. Appellant also had to perform irrigation procedures which sometimes required that he miss a day of work. Appellant requested leave to amend his complaint to include a cause of action for discrimination based upon his disability.

## ISSUES

1. Did the trial court err in denying appellant's motion to compel discovery responses?

2. Did the trial court err in denying appellant's motion to amend the pleadings to allege a disability claim?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

3. Did the trial court err in granting summary judgment on appellant's claim of discrimination based on marital status?

4. Did the trial court err in granting summary judgment on appellant's claim of defamation?

## ANALYSIS

1. Motion to compel discovery responses.

Rule 37.01 of the Minnesota Rules of Civil Procedure permits a party to bring a motion to compel compliance with discovery requests. A trial court has considerable discretion in ruling on discovery requests. *Erickson v. MacArthur,* 414 N.W.2d 406, 407 (Minn.1987). Absent a clear abuse of discretion, therefore, this court will not disturb the trial court's ruling. *Id.*

Rule 26.02 of the Minnesota Rules of Civil Procedure defines the scope of discovery. A party may obtain discovery regarding any matter which is not privileged which is relevant to the subject matter of the claim. Minn.R.Civ.P. 26.02(a). The evidence need not be admissible at trial.

Appellant requested the court to compel respondent's employees to answer questions concerning the identity of another employee who had been accused of theft but who was not terminated. The record reflects that one of respondent's employees was instructed not to answer because of privacy concerns. The employee thereafter testified only that he was unaware of any other employee who had taken unauthorized funeral leave.

■ Although concern regarding the privacy of other employees who may have been accused or disciplined by respondent for theft was appropriate, we believe a protective order would have allowed appellant to complete discovery and would pose no risk of liability to respondent. *See* Minn.R.Civ.P. 37.01(a), 26.02(a)(1).

Based upon the record, we find that the trial court abused its discretion by refusing to order respondent to disclose the identity of any employee accused, disciplined, or terminated by respondent for theft. We find further that the trial court took an overly narrow view of the evidence which would allow appellant to show that similarly situated employees were treated differently than was appellant. That evidence could include other types of theft and is not limited to evidence of employees accused, disciplined, or terminated for requesting funeral leave to which they were not entitled. This information is necessary for appellant to challenge respondent's articulated reason for discharge as pretextual.

2. Motion to amend pleadings.

■ Rule 15.01 of the Minnesota Rules of Civil Procedure permits amendment of the pleadings by leave of court. Leave to amend is to be freely given where justice so requires. Minn.R.Civ.P. 15.01. The trial court has discretion to allow amendments and the court's decision will not be reversed absent a clear abuse of discretion. *Metag v. K-Mart Corporation,* 385 N.W.2d 864, 866 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. June 19, 1986). Amendment of the pleadings may be denied where it would cause prejudice to the other party, but the opposing party has the burden to prove prejudice. *Id.* Amendment may also be denied where it would legally serve no purpose. *Pischke v. Kellen,* 384 N.W.2d 201, 204 (Minn.Ct.App. 1986). *See Eisert v. Greenberg Roofing & Sheet Metal Co.,* 314 N.W.2d 226, 228 (Minn.1982).

■ Appellant moved the court to amend his complaint to assert a claim of disability discrimination in violation of Minn.Stat. § 363.03, subd. 1(2)(b) (1988). Appellant served defendant with the original complaint on July 10, 1987. Discovery proceeded and depositions were held on August 4 and 5, 1988. Appellant contends that evidence supporting a disability discrimination claim was first obtained at the depositions. The motion to amend was served on September 28, 1988, one month after appellant received the depositions.

The trial court denied the amendment, holding that appellant had admitted his disability did not "substantially limit one or more major life activities." The deposition

response of appellant upon which the court based its ruling is as follows:

> Q: Okay, apart from the physical problems and maintenance that you described, what you have to do to maintain the colostomy, has that been a cause of anxiety and emotional distress to you?
> A: Not really, because I grew up with it so it's a part of—I feel it's normal for me. I grew up with it. It doesn't bother me at all. You know, if you grow up with something, it shouldn't bother you, and it never has.

This language clearly does not support a finding that appellant admitted that he was not limited in one or more major life activities.

The classification of a person as "disabled" within the definition of Minn.Stat. § 363.01, subd. 25 requires that the individual be substantially limited in a major life activity. Employment has been defined as a major life activity. *State by Cooper v. Hennepin County*, 441 N.W.2d 106, 110 (Minn.1989). The *Cooper* decision relied on the United States Supreme Court's opinion in *School Board of Nassau County v. Arline*, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987) which incorporated the regulations of the Department of Health & Human Services that define "physical impairment" and "major life activities." *See* 45 C.F.R. §§ 84.3(j)(2)(i) and (j)(2)(ii) (1988). Because a colostomy is a disability under 45 C.F.R. § 84.33(j)(2)(i)(A), it is considered a disability for purposes of Minn.Stat. § 363.01, subd. 25. *Cooper*, 441 N.W.2d at 110.

The trial court erred in refusing appellant's motion to amend the pleadings to assert a cause of action for disability discrimination. Appellant's deposition testimony, relied on by the trial court, is not an admission that appellant is not substantially limited in a major life activity. Appellant is disabled within the definition of Minn.Stat. § 363.01, subd. 25. Finally, appellant's motion to amend the pleadings was timely and respondent provided no evidence that it would be prejudiced by the amendment.

3. Summary judgment as to claim of marital discrimination.

An appellate court will review summary judgment to determine if there are any issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. Hennepin County*, 441 N.W.2d at 109. The party opposing summary judgment must "extract *specific*, admissible facts from the voluminous record and particularize them for the trial judge." *Kletschka v. Abbott–Northwestern Hospital, Inc.*, 417 N.W.2d 752, 754 (Minn. Ct.App.1988) (emphasis in original), *pet. for rev. denied* (Minn. March 30, 1988). However, where there is any doubt as to the existence of an issue of material fact, the doubt must be resolved in favor of finding that an issue of fact exists. *Harvet v. Unity Medical Center, Inc.*, 428 N.W.2d 574, 578 (Minn.Ct.App.1988).

Appellant claimed that he was unfairly discriminated against because of his marital status. This claim must be analyzed using the test set forth in *McDonnell–Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The test requires that the complainant prove a prima facie case of discrimination. The Minnesota Human Rights Act declares that it is an unfair employment practice to discharge an employee based upon marital status. Minn.Stat. § 363.03, subd. 1(2)(b). The discrimination must be directed at the marital status itself to violate the Human Rights Act. *Cybyske v. Independent School District No. 196*, 347 N.W.2d 256, 261 (Minn.1984), *cert. denied*, 469 U.S. 933, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984). Minnesota courts have found that marital status discrimination may include the firing of an individual who is living with, but is not married to, a person of the opposite sex. *See State by McClure v. Sports & Health Club*, 370 N.W.2d 844 (Minn.1985); *State by Johnson v. Porter Farms, Inc.*, 382 N.W.2d 543, 547 (Minn.Ct.App.1986). Appellant provided sufficient evidence to establish a prima facie case.

Under *McDonnell–Douglas*, the burden then shifts to the respondent to show a nondiscriminatory reason for termi-

nation. Respondent contends appellant was properly terminated for receiving funeral leave pay to which he was not entitled. Therefore, to prevail, appellant must show that the nondiscriminatory reason for termination is pretextual. However, the trial court's denial of appellant's motion to compel discovery prevented him from attempting to demonstrate that the reason for dismissal was pretextual. For this reason, we find the trial court erred in granting summary judgment on this issue.

4. Summary judgment as to defamation claim.

■ A statement is defamatory if it is communicated to a person other than the plaintiff, if the statement is false, and if the statement tends to harm the plaintiff's reputation or lower him in the estimation of the community. *Stuempges v. Parke, Davis & Company,* 297 N.W.2d 252, 255 (Minn.1980). Defamatory statements which affect a person in his business, trade, or profession are defamatory per se and are actionable without proof of actual damages. *Id.*

A communication may be privileged if it is made upon a proper occasion, from a proper motive, and based upon probable cause. *Stuempges,* 297 N.W.2d at 256–57. The privilege may be lost if it is abused. *Lewis v. Equitable Life Assurance Society of the U.S.,* 389 N.W.2d 876, 890 (Minn. 1986). The supreme court has found that communications between the employer's agents made during the investigation or punishment of employee misconduct are within an employer's qualified privilege. *McBride v. Sears, Roebuck & Company,* 306 Minn. 93, 98–99, 235 N.W.2d 371, 374 (1975). When the privilege applies, the plaintiff must prove actual malice. *Stuempges,* 297 N.W.2d at 256–57.

■ We find that the trial court was correct to grant summary judgment for respondent on this claim. Discussion of the reason for dismissal by the management employees at the meeting was within the qualified privilege and thus not actionable absent proof of actual malice.

## DECISION

The trial court's refusal to compel discovery responses is reversed and the trial court is directed to compel the discovery requested by appellant under the appropriate protective orders. The denial of appellant's request to amend the complaint is reversed and appellant may amend the pleadings to allege a cause of action for disability discrimination under the Minnesota Human Rights Act. The summary judgment dismissing appellant's claim of marital status discrimination is reversed. The summary judgment dismissing appellant's claim for defamation is affirmed. This case is remanded for proceedings in accordance with this decision.

Affirmed in part, reversed in part and remanded.