HORACE A. GREENWOOD, PLAINTIFF IN ERROR, V. THOMAS D. COBBEY, DEFENDANT IN ERROR.

[FILED MAY 16, 1889.]

1. **Slander.** In an action for slander brought by the city attorney of a city of the second class against the mayor thereof for using the following language to the council of the city: "He is unfit to hold the office of city attorney; his opinion is too easily warped for money consideration:" *Held*, First, that as the words were spoken by the mayor to the city council, which had power to remove the officer, the statement, if made in good faith, was privileged.

2. ———. That the words charged did not necessarily indicate dereliction of duty or dishonesty, and were not actionable *per se*.

3. ———: PETITION. The third count of the petition examined, and *held*, not to state a cause of action.

ERROR to the district court for Gage county. Tried below before BROADY, J.

29

*L. W. Colby,* and *Chas. O. Whedon,* for plaintiff in error, cited : *Garr v. Selden,* 4 N. Y. 91 ; *Teall v. Felton,* 1 N. Y. 547; *South v. The State of Maryland,* 18 How. (U. S,) 403 ; *Haggart's Trustees v. Lord President,* 2 Shaw, Scotch App. 134 ; *Yates v. Lansing,* 5 Johns. 282 ; *Randall v. Brigham,* 7 Wall. 523 ; *Gray v. Pentland,* 2 S. & R. 23 ; *Larkin v. Noonan,* 19 ·Wis. 83* ; *Mayo v. Sample,* 18 Iowa, 306.

*J. E. Bush,* and *J. ·E. Cobbey,* for defendant in error, cited : *King v. Root,* 4 Wend. 113 ; S. C..21 Am. Dec. 109 ; *White v. Nichols,* 3 How. (U. S.) 266 ; *Palmer v. Concord,* 48 N. H. 217; *Pierce v. Oard,* 23 Neb. 828 ; *Ellsworth v. Hayes,* 37 N.W. Rep. (Wis.) 252 ; 4 Wait's Act. & Def. 305 ; Cooley on Torts, 211 to 216 ; *Howard v. Thompson,* 21 Wend. (N. Y.) 319 ; *Fawcett v. Charles,* 13 Id. 473 ; *Elam v. Badger,* 23 Ill. 498 ; *Wyatt v. Buell,* 47 Cal. 624; *Bourreseau v. Detroit,* 30 N.W. Rep. (Mich.) 376.

MAXWELL, J.

The defendant in error brought an action against the plaintiff in error in the district court of Gage county, to recover damages for slander, and on the trial obtained a verdict for $1,500, and a motion for a new trial having been overruled, judgment was entered on the verdict.

There are three counts in the petition.

In the first and second counts the slanderous words are alleged to have been spoken on the 27th day of July, 1887. The charges in each of these counts need not be referred to, as for reasons which will presently be stated, there must be a new trial.    In the third count, the words complained of are alleged to have been spoken on the 28th of July, 1887. The plaintiff in error objected to the third count as not stating a cause of action.    This objection was strongly insisted upon in the court below and the overruling of the same is now assigned for error.    The count is as follows: "The plaintiff for a third cause of action complains of the

defendant for that on the 28th day of July, 1887, and at divers other times, in the county of Gage and state of Nebraska, the defendant then and there being the mayor of the city of Wymore, in said Gage county, Nebraska, and this plaintiff being then and there the duly elected, qualified, and acting, city attorney of the city of Wymore, aforesaid, said defendant wickedly, maliciously, and knowingly, intending to injure, degrade, and defame this plaintiff, as such officer and city attorney, in a certain discourse, which he, the defendant, then and there had of and concerning this plaintiff as such city attorney, at a public meeting of the city council of said city of Wymore, and in the presence and hearing of a large number of people, falsely, wickedly, maliciously, and knowingly, did speak and publish the following false and defamatory words, that is to say : 'He [meaning this plaintiff] is unfit to hold the office of city attorney; his opinion is too easily warped for a money consideration.' Whereby and by means of which false and defamatory words, this plaintiff has been greatly injured in his good name as such officer, to his damage in the sum of five thousand dollars."

At the time indicated, Wymore was a city of the second class, having more than one thousand and less than twenty-five thousand inhabitants, and was governed by the provisions of article I, chapter 14, Compiled Statutes. The plaintiff in error was mayor of said city, and the defendant in error, city attorney thereof. Section 6 of the chapter aforesaid provides that: "At the time of holding the general city election in each year, there shall be elected a mayor, a clerk, a treasurer, a city engineer, and the councilmen hereinbefore provided for; and a police judge shall be elected at each biennial city election; and the mayor with the consent of the council may appoint a city attorney, and an overseer of streets, who shall hold their offices for one year unless sooner removed by the mayor, with the advice and consent of the council."

Section 10 provides that: "The mayor shall preside at all meetings of the ·city council, and shall have a casting vote when the council is equally divided, and none other, and shall have the superintending control of all the officers and affairs of the city, and shall take care that the ordinances of the city and of this chapter are complied with."

Section 12 provides that: "He [the mayor] shall, from time to time, communicate to the city council such information and recommend such measures as in his opinion may tend to the improvement of the finances of the city, the police, health, security, ornament, comfort, and general prosperity of the city."

There are other provisions in regard to the duty of the mayor in guarding and protecting the rights of the city, to which we need not refer.

The leading case in this country on the subject of privileged communications appears to be *Thorn v. Blanchard*, 5 Johns. 508. In that case the plaintiff in error, with twenty-three others, inhabitants of the same county, presented a petition to the council of appointment, stating that B., district attorney, was actuated by improper motives in his official conduct, and that from malice toward some, and the emoluments arising from the public prosecutions in other cases, gave rise to many indictments, and praying that B. might be removed from office, which petition was read by the council, who removed B. from his office. It was held that an action for a libel would not lie against A. at the suit of B. The first count of the declaration in that case is as follows: "Whereas, the said Anthony is, etc., yet the said Stephen, well knowing the premises, but contriving and wickedly and maliciously intending to injure the said Anthony, in his aforesaid good name, fame, credit, and reputation, and to bring him into public scandal, infamy, and disgrace, amongst his neighbors and others, the good citizens of this state, and to cause him to be dismissed and discharged from his said. honorable and lucra-

tive office of district attorney, in the district aforesaid, heretofore, to wit, on the seventh day of April, in the year of our Lord one thousand, eight hundred and three, at Salem, in the county of Washington, to wit, at the city and in the county of Albany, aforesaid, did falsely and maliciously write and publish, or cause or procure to be written and published, a certain false, scandalous, and malicious libel, of and concerning the said Anthony, as such district attorney, of the tenor and effect following, that is to say: 'To the honorable the council of appointment of the state of New York: We, the undersigned, inhabitants of the county of Washington, (meaning the said Stephen and others, inhabitants of the county of Washington,) humbly represent that the manner in which the public prosecutions (meaning the criminal prosecutions of the good people of this state) have been managed by the present district attorney, (meaning the said Anthony, who was then and there district attorney, as aforesaid,) is highly improper; that, in our opinion, (meaning in the opinion of the said Stephen, and the other inhabitants aforesaid,) a number of indictments have been found by the influence of the district attorney, (meaning the said Anthony,) who (meaning the said Anthony) at that time was actuated by improper motives; (meaning that he, the said Anthony, as district attorney aforesaid, by undue influence in his said office, and from corrupt motives, has caused a number of indictments to be found;) that malice towards some, and the emoluments arising from the public prosecutions in other cases, have given rise to many indictments, (meaning that the said Anthony, as district attorney aforesaid, had, from malice in some cases, and for unlawful gain in other cases, caused many indictments.)   Your petitioners, (meaning the said Stephen and the said other inhabitants,) therefore, (meaning for the false, scandalous, wicked, and malicious causes, above mentioned and pretended,) humbly pray, that Anthony I. Blanchard, the present district attorney, (mean-

ing the said Anthony, who was then and there district attorney as aforesaid,) may be removed from that office.' By reason and means of the writing and publishing of which said false, scandalous, and malicious libel, of and concerning the said Anthony, in manner aforesaid, the said Anthony is not only hurt and injured in his good name, fame, credit, and reputation, and brought into public scandal, contempt, infamy, and disgrace, but was afterwards, and after the publication of the said libel, and by reason of the unjust suspicions thereby excited, and the imputations thereby made against the moral character of the said Anthony, to wit, on the ninth day of April, in the year aforesaid, discharged from his said honorable and lucrative office of district attorney in the district aforesaid, to wit, at Salem, and in the county of Washington, that is to say, at the city, and in the county of Albany aforesaid; and hath ever since been deprived of all the honors, emoluments, and advantages, that would and otherwise might have arisen and accrued to him from the same office."

It will be observed that the plaintiff, in the declaration set out, alleges special damages sustained by himself in consequence of the alleged libelous acts complained of, viz., "His removal from office, and consequent loss of the emoluments thereof." No such injury is alleged to have resulted from the statement of the plaintiff in error in the case at bar. For aught that appears in the petition he still retains the office of City Attorney of Wymore, with the emoluments thereof, and has sustained no special damages. But, it is said, the words charged to have been uttered by the plaintiff in error, import the commission of a felony, and hence are actionable *per se.* It is alleged that the plaintiff in error was the mayor of Wymore, and the defendant in error city attorney. The statement is alleged to have been made by the chief executive of the city to the body empowered by law to investigate a charge, and, if found to be true, apply the proper remedy, and if false, dismiss

it. The statute gives the mayor "superintending control of all the officers and offices of the city." This control cannot be properly exercised unless he in good faith can, from time to time, call the attention of the council to the conduct of city officials, and give his own views as to any dereliction of duty on the part of any of them without subjecting himself to an action for libel, or slander. In order to state a cause of action in the petition, it must appear by appropriate allegations that the words were without legal excuse. And this is not done. The necessity of keeping the administration of public corporations pure and efficient, the importance of punishing derelictions of duty on the part of officials thereof, and the danger of silencing inquiry, all tend to render communications of this kind, if made in good faith, privileged, even though at times the effect of the rule may be to work injustice in particular cases. But the words themselves are not actionable.

A thoroughly capable and conscientious lawyer who is generally successful with his cases, may, by reason of interest, connection, or inclination, be unfit for a city attorney; and it need not be any disparagement of his general character. So in regard to the alleged charge that his opinion is too easily warped, etc. This is not necessarily a charge of bribery or dishonesty; and there is no statement in the petition that such a charge was intended. A court cannot extend the meaning of words beyond their plain import; nor will it, in determining the sufficiency of a petition, place a stronger meaning than the plaintiff has done on certain words in order to make them slanderous. In the case cited, it was held that where the complaint was made to the board authorized to redress the grievance, no action would lie against the complainant. This case is cited with approval in *Vanderzee v. McGregor*, 12 Wend. 545; *Howard v. Thompson*, 21 Id. 319; *O'Donaghue v. M'Govern*, 23 Id. 26.

All of the cases seem to agree that communications of

this kind are privileged, either absolutely, or when made in good faith. Absolute exemption is applied to the legislature and the courts, in order that investigations may be thorough, and the truth declared without fear or favor. The same rule probably applies to *quasi* judicial bodies in conducting their business. In the absence of authorities in cases like that under consideration, we deem the better rule to be that communications of the kind indicated are privileged when made *bona fide*. In other words, when such communications are made against an officer in good faith, and the privilege is not abused, the officer making the charges is not liable. There is no claim that the plaint-iff in error abused his privilege, nor that he did not act in good faith. The third count of the petition, therefore, wholly fails to state a cause of action. (*Mayrant v. Richardson*, 1 Nott & McCord, (S. C.,) 347; *State v. Burnham*, 9 N. H. 34; *Com. v. Clapp*, 4 Mass. 163; *O'Donaghue v. M'Govern*, 23 Wend. 26.

It is unnecessary to review the other errors at length, as they will probably be avoided on the next trial. We desire to say, however, that to support the cause of action in the first and second counts, the proof must show a charge of larceny. Proof of a less charge will not be sufficient.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.