HORACE A. GREENWOOD v. THOMAS D. COBBEY.

[FILED OCTOBER 14, 1890.]

1. **Pleading.** *Held,* That the third count of the petition does not state a cause of action.

2. ———. A good count in a petition will not sustain a verdict rendered upon a count that fails to state sufficient facts to constitute a cause of action.

ON rehearing.

*L. W. Colby,* and *Mason & Whedon,* for plaintiff in error.

*J. E. Bush,* and *J. E. Cobbey, contra,* cited, as to the sufficiency of the third count: *White v. Nicholls,* 3 How.

[U. S.], 284; *King v. Root,* 4 Wend. [N. Y.], 136; *O'Don-aghue v. McGovern,* 23 Id., 26; *People v. Haley,* 12 N. W. Rep. [Mich.], 671; *Eviston v. Cramer,* 47 Wis., 659. As to the construction of words, and slander *per se: Van Akin v. Caler,* 48 Barb. [N. Y.], 58; *Maybee v. Fisk,* 42 Barb. [N. Y.], 330; *Saunderson v. Caldwell,* 45 N. Y., 399; *Buscher v. Scully,* 5 N. E. Rep., 738; *Beneway v. Thorp,* 43 N. W. Rep. [Mich.], 863; *Smith v. Smith,* 41 N. W. Rep. [Mich.], 499; *Wimer v. Allbaugh,* 42 N. W. Rep. [Ia.], 587; *Chaplin v. Lee,* 18 Neb., 441; *Bourres-seau v. Detroit,* 3 N. W. Rep., 376, and cases cited. As to privileged communications: *Sunderlin v. Bradstreet,* 46 N. Y., 193; *Hamilton v. Eno,* 81 Id., 117; *Byam v. Col-lins,* 111 N. Y., 148; *McAllister v. Detroit,* 43 N. W. Rep. [Mich.], 435; *Lowrey v. Vedder,* 42 N. W. Rep. [Minn.], 542; 2 Add., Torts [Wood's Ed.], 316; *Pierce v. Oard,* 23 Neb., 828; *Briggs v. Garrett,* 2 Atl. Rep. [Pa.], 513; *Maehean v. Scripps,* 18 N. W., Rep. 209.

NORVAL, J.

This is an action to recover damages for slander. At the January, 1889, term, a decision was entered reversing the judgment of the district court, on the ground that the third count of the petition did not state a cause of action. (26 Neb., 449.) After the filing of that decision, a rehearing was ordered, upon the application of the defendant in error. On a reargument and examination of the numerous authorities cited, we are all satisfied with the views expressed by Judge Maxwell in the former opinion. We deem it unnecessary to enter upon a discussion of the points covered by the former decision.

It is insisted, however, by the defendant in error, that as the petition contains one good count, the failure of the third count to state a cause of action is no ground for reversing the judgment. We do not yield assent to that proposition. The slanderous words charged in the third

count are entirely different from those alleged in the other causes of action. The jury, in addition to the general verdict, returned special findings, that the plaintiff had proved each count by a preponderance of the evidence. It is obvious that when a petition contains several causes of action, one good count will not sustain a verdict rendered upon a count that fails to state a cause of action.

The judgment of the district court will stand

REVERSED.

THE other judges concur.