such a verdict as you shall deem just and proper after careful consideration of the law and the evidence.

Verdict for plaintiff for $160.

———◆———

## WILLIAM CRAIG *vs.* MARTIN B. BURRIS.

*Slander—Evidence—Attorney-at-Law; Privileged Words of at Trial—Malice Negatived—Nonsuit.*

1. In a trial for slander a witness for the plaintiff was asked what the people in and about a certain town understood the phrase "go up the road" to mean when used in connection with a person brought before the Justice of the Peace on a criminal charge. *Held* inadmissible.

2. The pleadings in a case cannot be used as evidence.

3. Certain words, alleged to be libellous, *held* by the Court on a motion for nonsuit, after giving to them their most extended meaning connected with the circumstances, not to be outside of the defendant's privilege as an attorney; the evidence, moreover, distinctly negativing express malice.

(*December 10, 1902.*)

LORE, C. J., and SPRUANCE, J., sitting.

*Franklin Brockson* for plaintiff.

*Robert M. Richards* and *William S. Hilles* for defendant.

Superior Court, New Castle County, November Term, 1902.

SUMMONS CASE IN SLANDER (No. 23, May Term, 1901).

The defendant was a practicing attorney, being a member of the New Castle County Bar. At the trial it was proved that the alleged slanderous words were uttered after the plaintiff was arrested and brought to the office of John W. Naudain, a Justice of the Peace at Townsend, Delaware, upon a warrant issued by said Justice, upon the complaint of one Benjamin F. Ginn, charging the plaintiff with obtaining money by false pretence; but outside of the office of the Justice near the front thereof, and before he had been before said Justice to answer said charge, the defendant Burris and the plaintiff Craig and others being present.

It was also proved that the defendant was present upon the occasion in question representing one Benjamin F. Ginn, the prosecuting witness in the prosecution based upon the said warrant. Ginn claimed that Craig owed him a certain amount of money. The plaintiff, who was then without counsel, admitted that he owed Ginn, but denied that he obtained the money by false pretense from George M. D. Hart, as stated in the warrant, claiming that the only money he obtained from Hart was for his one-third share of the grain as tenant of Ginn's farm. The plaintiff's evidence on the last named point was corroborated by the statement of James A. Hart.

The statements made by the defendant Burris, to the plaintiff upon that occasion as detailed by the different witnesses in the slander case, were as follows :

"You collected this money," or "got this money by false pretense."

"You collected money by false pretense from Mr. George M. D. Hart."

"You collected money by false pretense from Mr. George M. D. Hart, and it has to be settled here and now, or you go up the road."

"Mr. Craig asked for a few days longer, that he might have

his accounts straightened up so he could settle. Mr. Burris said, ' No, sir; here and now this must be settled. You have committed a grave offense against the State law. I could give you a great deal of trouble, but I don't want to hurt you.' "

The plaintiff was asked by his counsel what the people in and about Townsend understood the phrase "go up the road" to mean when used in connection with a person brought before a Justice of the Peace.

(Objected to by counsel for defendant on the ground that it is not sufficient to prove a local meaning attached to words, but it must be a meaning generally accepted.)

LORE, C. J.:—We think this question inadmissible.

(Plaintiff's counsel offered in evidence a copy of all the defendant's pleas in the case, alleging the truth of the matter charged to have been spoken, as an admission that they were spoken).

(Objected to by counsel for defendant on the ground that it had been decided by the Court frequently that pleadings in a case are not evidence therein and are not proper to go before the jury.)

LORE, C. J.:—The pleadings are not evidence.

(The defendant asked the Court to grant a nonsuit, on the ground that upon the evidence in the case the alleged slanderous words were proved to have been spoken under such circumstances as to make them privileged, and therefore they could not be the basis for an action for slander, and argued as follows):

Although the law is general that where words implying a crime are spoken they imply malice and are malicious *per se*, yet it is also the law that if they are spoken under such circumstances as to repel the implication of malice, then they are privileged. (*2 Greenleaf on Evidence, Section 418*); and that is a question of law for the Court.

*Summerville vs. Hawkins, 70, E. C. L., 583 ; Taylor vs. Hawkins, 71, E. C. L., 308 ; 18 A. & E. Ency. of Law (2d Ed.), 1050; Cameron vs. Corkran, 2 Marvel, 166.*

Where there is no dispute as to the circumstances surrounding the occasion whatever, the Court may decide whether that was a privileged occasion.

*Monster vs. Lamb, 11 Q. B. Div., 588.*

Where the evidence shows that the occasion was such as has been recognized as a privileged occasion, then the Court should grant a nonsuit. Judicial proceedings are privileged.

*Goslin vs. Cannon, 1 Harr., 1 ; Eckels vs. Shannon, 4 Harr. 195 ; Hoar vs. Wood, 3 Metcalf, 193.*

The plaintiff has failed to prove that Martin B. Burris had no authority from the Attorney-General to represent the State on this occasion; if Burris had such authority and could have done anything that the Attorney-General could have done, then his statement was a privileged statement, made in a judicial proceeding. The Court should hold in this case, as a matter of law, on the evidence, that the occasion in question was a privileged occasion ; that the words spoken were no more than this defendant, as counsel for Benjamin F. Ginn, the complainant, or as representing the prosecuting officer of this State, should have spoken or could have spoken in connection with the discharge of his duty. If that be true then certainly these words cannot form the basis for such an action as this.

If it is to be presumed, as the authorities hold, that he appeared there by the authority of the Attorney-General, and if under a statute of the State, appearing there by such authority, his acts were as valid as the acts of the Attorney-General; it necessarily follows that he appeared there clothed with the powers and burdened with the duties of the Attorney-General, so far as that particular proceeding was concerned, and he could do anything that it was the Attorney-General's duty to do, and it was his duty to do anything that the Attorney-General had authority to do.

*18 A. & E. Ency. of Law, 1039 ; Mayo vs. Sample, 18 Ia., 306.*

Any words spoken by a public officer in the performance of his duty, or in the course of his duty, are priviledged, and, therefore, cannot form the basis of an action for slander.

*Brockson,* for plaintiff, replied :

Whether or not the occasion was a privileged occasion in this case is a question of fact for the jury under the evidence.

*First.* It was not a privileged occasion.

*Second.* Even if it was a privileged occasion there is so much testimony in this case tending to prove malice that that question should be submitted to the jury.

*13 A. & E. Ency. of Law, 404 ; Cameron vs. Corkran, 2 Marvel, 166 (175) ; Delaware Farmers' Mutual Ins. Co. vs. Croasdale, 6 Houst., 181.*

The cases cited by the counsel for the defendant were those where the words were uttered before some court of justice and not statements made outside of a judicial forum.

This has not been shown to have been a privileged occasion. None of the authorities cited by the other side held a case whose circumstances were similar to these to be a privileged occasion. There is no evidence that these slanderous statements were in response to a question asked by the plaintiff, his request being merely for further time to look over his accounts. The testimony of all the witnesses was that the defendant Burris said other things that they could not recollect.

Even if this seems to have a semblance of a privileged occasion, upon the authorities submitted to the Court, it should be submitted to the jury as a question of fact.

There was no duty upon this defendant to make any of these statements ; and making them out there did tend to defame this plaintiff, and taking the evidence as it is, it shows that all of this was said of and concerning a false charge.

As to the presumption that he was authorized to act for the Attorney-General, we do not have to argue a question of presumption. We have testimony here that he was there representing Benjamin F. Ginn, and that when he got a certain paper that satisfied Benjamin F. Ginn, William Craig was released; and we furthermore offered evidence that he never did pay any part of the money that he received from George M. D. Hart to Ginn; and the evidence tends to prove that the criminal process of the State was used by this defendant to collect a civil debt. That being the case, it being used for an indirect purpose, it proves malice. There being malice, under the authorities I have cited, this case should be submitted to the jury.

LORE, C. J.:—The motion for a nonsuit has been argued very fully; and after giving the matter such careful and thoughtful consideration as the Court have been able to do in the time at our command, we have reached a conclusion.

From the undisputed evidence on the part of the plaintiff, it appears that there was some legal proceeding; it is shown that there was a criminal action then in progess, and that the alleged libellous utterances took place at or near the office of the Justice of the Peace. It is also apparent from the evidence that the subject of conversation was in relation to this same matter, that it was pertinent to the charge then before the Court, or pending in the case. It further appears that Mr. Burris was there rightfully as an attorney in that proceeding.

Taking the utterances which are claimed to be libellous, and giving to them their most extended meaning connected with the circumstances, they do not appear to us as being outside of his privilege as an attorney. The evidence distinctly negatives express malice.

Considering all the evidence for the plaintiff, we feel that if this case was submitted to the jury by the Court and the jury should thereupon render a verdict for the plaintiff, we would be constrained to set such verdict aside. That being the case, it becomes a duty

11

upon the part of the Court to stop the case at this stage. We therefore order a judgment of nonsuit to be entered.

*Mr. Brockson:*—If the Court please, we decline to take a nonsuit.

LORE, C. J.:—Gentlemen of the jury:—For the reasons that the Court have already stated upon the motion for a nonsuit, we direct you to return a verdict for the defendant.

Verdict for defendant.

————•————

EVA M. COX, widow of ELMER E. COX, *vs.* WILMINGTON CITY RAILWAY COMPANY.

*Personal Injuries—Negligence—Highway; Care in use of—Railway—Vehicle—Presumption—Damages.*

1. In using a street of the city, the same being a public highway, the railway company and driver of a vehicle are each bound to exercise such caution and care, to prevent injury, as ordinarily prudent and careful men would exercise, under all the conditions and circumstances of the case.

2. The driver of the vehicle is free to use any and all parts of the street, fit for public travel, at his will. The car can move only on and along its fixed tracks; must move in those tracks if at all, and to that extent has the right of way therein. But it is incumbent upon the company to exercise all such care, in respect to speed, sounding of gong, ringing of bell, slowing up and stopping of the car in the presence of danger, as is reasonably demanded by the surrounding conditions. In every case the care must be such as a due regard for the rights and safety of all other persons lawfully using the highway reasonably demands.