JOHN PALMER SMITH *vs.* PHILADELPHIA, BALTIMORE and WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware; ESTER JOHNSON GILLESPIE, an infant, by her next friend, GEORGE EDWARD GILLESPIE, *vs.* SAME.

1. PLEADING—EACH COUNT OF DECLARATION MUST STATE COMPLETE CAUSE OF ACTION.

Each count of the declaration must set out a complete cause of action, even though the various counts merely state the same cause of action in different forms, to guard against defective statements or variance.

2. PLEADING—DECLARATION ON THE CASE SHOULD ALLEGE DATE OF DEFENDANT'S NEGLIGENT ACTS.

In an action on the case to recover for injuries caused by the negligent acts of defendant, the declaration should state the time or date of the alleged negligence, so as to notify the defendant of the case he must be prepared to meet.

3. RAILROADS—DECLARATION BY AUTOMOBILE PASSENGER NEED. NOT NEGATIVE HE WAS DRIVING.

Though the declaration for injuries to the driver of an automobile should allege that he was driving the car, a declaration to recover for injuries of one who merely rode in the automobile as a passenger need not negative the fact that he was driving.

4. NEGLIGENCE—DECLARATION NEED NOT NEGATIVE CONTRIBUTORY NEGLIGENCE.

The failure of plaintiff to observe due care is a matter of defense, and it is not essential that he should, in his declaration, negative such failure, though it is customary to do so.

**5.  RAILROADS—DECLARATION ALLEGING STREET APPROACHED CROSSING HELD NOT INSENSIBLE.**

A count in the declaration for injuries at a highway crossing over a railroad, which alleged that the crossing was most dangerous because the street approached the railroad crossing at grade, was not demurrable as insensible because the street, being inanimate, could not approach anything; that objection being too technical.

**6.  PLEADING—ALLEGATION BY REFERENCE TO OTHER COUNTS IS INSUFFICIENT.**

The count in a declaration which alleged that plaintiff's automobile was demolished through the negligence of defendant as aforesaid, referring to the allegations of other counts, is insufficient, since each count must contain in itself a statement of the cause of action.

**7.  RAILROADS—DECLARATION SHOULD STATE WHETHER PLAINTIFF WAS WALKING OR RIDING OVER TRACKS.**

In an action for injuries at a crossing, the declaration should state whether plaintiff was walking or riding over the tracks, and the averment that plaintiff was lawfully crossing the track is not sufficient.

(*October* 31, 1921)

PENNEWILL, C. J., HEISEL and RICHARDS, J. J., sitting.

*James M. Satterfield* and *John Palmer Smith* (of the Maryland Bar, admitted pro hac vice on motion of Mr. Satterfield), for plaintiffs.

*George M. Jones* for defendant.

Superior Court for Kent County, October Term, 1921.

Separate actions of Trespass on the case (Nos. 12 and 13, July T., 1921) by John Palmer Smith and by Ester Johnson Gillespie, an infant, by her next friend, George Edward Gillespie, against Philadelphia, Baltimore and Washington Railroad Company, to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant.

The declaration in the first case contained six counts; the material averments of which sufficiently appear in the opinion of the court.

The causes of demurrer in this case were:

(1)  That the said several counts are uncertain.

(2)  That it nowhere appears in the said first five counts whether or not the plaintiff was driving the automobile which is alleged to have been struck, and in which it is alleged he was riding, and if he was driving the automobile, that he was exercising due care and caution in driving it.

Opinion.

(3)   That no dates are named in the said second, fourth, fifth, and sixth counts.

Counsel for defendant also contend that the third count was insensible, in the use of the following language, "the crossing being a most dangerous one, for the reason that the street or public highway going west approached the railroad crossing at grade," etc.; the objection to the language being that a street or public highway, being inanimate, could not approach anything.

The contention of counsel for plaintiff was that the declaration had been drawn in conformity with the law as laid down in the following Delaware cases:  *Trimble v. P., B. & W. R. R. Co.*, 4 *Boyce*, 519, 89 *Atl.* 370;  *Lofland's Brickyard Crossing Cases*, 5 *Boyce*, 150, 91 *Atl.* 285;  *Du Ross v. P., B. & W. R. R. Co.*, 5 *Boyce*, 245, 92 *Atl.* 811.

Pennewill, C. J., delivering the opinion of the Court.

[1]   It is well settled by the decisions in this state that each count of plaintiff's declaration must set out a complete cause of action.  And one reason for the requirement is that if one or more counts are stricken out, each of the remaining counts may be good and complete in itself.

It is stated by Woolley, in his work on Delaware Practice, §§ 343( second paragraph), 344, and 345, that—

"*Sec.* 343.  In all cases in which there are two or more counts—whether there is actually but one cause of action or several—each count purports upon the face of it to disclose a distinct right of action, disconnected with that stated in any other count, so that upon the face of the declaration there appear to be as many different causes of action as there are counts inserted.  And, therefore, whether a plaintiff whose declaration contains more than one count, claims a recovery upon one right of action only, or upon several, cannot appear, except in evidence—" citing *Gould's Pl. c.* 4, § 3; 1 *Chitty's Pl.* 455.

"*Sec.* 344.  One object proposed, in inserting two or more counts in one declaration, when there is in fact but one cause of action, is , in some cases, to guard against the danger of an insufficient statement of the cause, where a doubt exists as to the legal sufficiency of one or another of two or more different modes of declaring.  But the more usual  end proposed, in inserting more than one count, is to accommodate the statement of the cause, as far as may be, to the possible state of the proof to be exhibited on the trial, or to guard, if possible, against the hazard of the proof varying materially from the statement of the cause of action;  so that if one or more of the several counts should not be adapted to the evidence, some other of them may be so"—citing *Gould's Pl. c.* 4, § 4; *3 Black. Com.* 295; 1 *Chitty's Pl.* 445, 446.

"*Sec.* 345. The plaintiff has in every case a right to insert in his declaration as many counts (each one being in itself single) as he pleases; and in actions of trespass on the case (especially in assumpsit) it is the usual practice to insert, though often unnecessarily, two or more [citing *Gould's Pl., supra; Lawes, Pl.* 73]. If any one of several counts in a declaration be proved (although the proof of all others should fail), the plaintiff must recover upon it, unless it be radically insufficient in law. For by maintaining one good count he established a complete right of recovery. And for the same reason, if on demurrer to the whole declaration, any one of the counts be adjudged sufficient in law, the plaintiff will be entitled to judgment on the count, though all the others be defective [citing *Gould's Pl. c.* 4, § 6; 1 *Saund. n.* 9 (2d *Ed.*) 171]; the judgment being either final or of respondeat ouster, at the election of the defendant [citing Laws of Delaware, vol. 21, c. 303]. The pleadings in a case cannot be used as evidence (citing *Craig v. Burris,* 4 *Pennewill,* 156, 55 *Atl.* 353); therefore the presence of different or contradictory counts or pleas is in no sense dangerous."

[2] In every count except the first the plaintiff has failed to state the time or date of defendant's alleged negligence, and it is contended by the defendant that such counts are, therefore, insufficient.

We are not aware that this question has heretofore been passed upon by the court, but we think the date of defendant's negligent act should be averred. It is essential to give defendant knowledge of the case he must be prepared to meet.

[3] The defendant also contends that the entire narr. is bad because it is nowhere stated whether the plaintiff was driving the automobile that was struck by the defendant's train.

The averment in each count is that at the time of the collision the plaintiff was riding in the car that was struck and demolished. It may be that if the plaintiff, at the time of the accident was driving the car, it is his duty to aver that fact in his narr., because the degree of care to be observed by the defendant might be greater if he was operating the car than it would be if he was simply riding in the car. But, if the plaintiff was riding in, and not driving, the car, he was not bound in his pleading to negative the fact that he was driving. If he was driving the car, it would be better and safer to amend his narr. by stating the fact in every count.

[4] It is further contended by the defendant that it is incumbent on the plaintiff to aver in each count of his declaration

that he was, at the time of the collision, in the exercise of due care and caution on his part. Nowhere in the second, fourth, fifth, and sixth counts is such averment made. While it is usual in an action for personal injuries for the plaintiff to aver that he was in the exercise of due care and caution at the time of the accident, we think it is not necessary, and hold that the counts are not bad on that account. The failure of the plaintiff to observe proper care and caution is a matter of defense, and it is not essential that he should, in the statement of his cause of action, negative such failure. 31 *Cyc. p.* 109, § 15.

[5] The defendant's contention that plaintiff's third count is insensible is not sustained. The objection that the street could not approach the railroad crossing is entirely too technical.

[6] The defendant claims that the sixth count of plaintiff's narr. does not disclose in what manner the defendant was negligent. In this count it is averred that "through the negligence and carelessness of the said defendant as aforesaid the said automobile of the plaintiff was struck and demolished," and that is the only allegation of negligence contained in the count. Manifestly, this is not a complete or sufficient statement of plaintiff's cause of action, because no negligence at all is averred except by reference to other counts. This, as we have above stated, is insufficient. Each count must contain in itself a statement of the cause of action.

The demurrer is sustained as to the second, fourth, and fifth counts, because of plaintiff's failure to aver therein the date or time of the accident, and also as to the sixth count, for the same reason, and for the additional reason that it contains no sufficient averment of the defendant's negligence.

The demurrer is overruled as to the first and third counts.

The declaration in the second case contains three counts; the causes of demurrer to which were:

(1) That the said several counts are uncertain.

(2) That the said first and second counts do not inform the defendant whether the plaintiff was riding or walking at the time

she was run into and struck, or, if riding, whether or not she was driving the conveyance.

(3)   That the averments of negligence in the said third count are argumentative.

(4)   That no date is named in the said second count.

The contention of counsel for plaintiff was the same as in the first case.

PENNEWILL, C. J., delivering the opinion of the court.

[7]   In this case the defendant contends that the counts are bad because they do not show whether the plaintiff was riding or walking at the time she was injured. The court are of the opinion that the averment, "the plaintiff was lawfully crossing the tracks," is not sufficient. The defendant is entitled to know in what manner the plaintiff approached and attempted to cross the tracks, whether walking or riding in a motor vehicle. What might constitute negligence or contributory negligence in one case might not in the other.

The second count is also defective because of its failure to state the date of the collision; and this count, as well as the third, is insufficient because it does not state a complete cause of action. Each must contain a full statement.

The demurrer is, therefore, sustained as to all the counts.