## No. 900
### TANNER v. GAULT et

Ohio Appeals, 9th Dist., Medina Co.

No. 59.   Decided Sept. 21, 1925

954. PRIVILEGE—1. Rule that libelous and slanderous matter published in due course of legislative proceedings, is absolutely privileged, takes within its scope proceedings of county commissioners.

2. In order to be privileged the statement must be pertinent and relevant to the matter under inquiry.

PER CURIAM.

Fremont Tanner was county surveyor of Medina County. James Gault, John Ewing and John Dunn were the county commissioners of that county. The Commissioners passed a resolution in March 1923, authorizing and directing Tanner to procure and put on a certain county road ten car loads of cinders.

Tanner not having made the improvement, presented a requisition for two carloads in April 1923. Thereupon the commissioners recinded the authorization for the ten carloads and passed a resolution ordering Tanner to purchase two cars of cinders for said road. In passing this second resolution the commissioners in the preamble stated that when the first resolution was passed it was with the understanding that there was sufficient money in the county road fund to cover the cost of 10 carloads and this understanding was substantiated by the report of Tanner as Surveyor that there remained in the treasury to the credit of the county road fund a sufficient amount. The commissioners in their second resolution said that they ordered the 10 cars believing Tanner's report to be true but which was in fact false.

Tanner brought this action against the Commissioners to recover damages in the Medina Common Pleas, claiming that the statement in the second resolution that he made a false report was untrue; that he made no report, and said matter was included in the second resolution for the purpose of maliciously and wilfully injuring him in his good name, character, reputation, and in his office and business.

The Commissioners filed a demurrer and claimed that the matter complained of was privileged and the trial court so held in sustaining the demurrer. Tanner not desiring to plead further, judgment was entered in favor of the Commissioners. Error was prosecuted by Tanner and the Court of Appeals held:

## STATE COURT OF APPEALS—Continued

1. There is a well established general rule that libelous or slanderous matter published in due course of legislative proceedings is absolutely privileged, and will not support an action; although made maliciously and with knowledge of its falsity, if pertinent and relevant to the matter under inquiry.

2. This broad and comprehensive rule includes within the scope the proceedings of all legislative bodies, state or municipal, and the county commissioners in this instance and transaction was such a body as was within the rule.

3. The controlling question in this case which was for the court to determine, was as to whether or not the libelous matter complained of was connected with or relevant or material to the action taken by the Commissioners. If it was, it was privileged within the rule stated.

4. "In order to be privileged, the statement must be pertinent and material to the matter in hand. To be so, it must tend to prove or disprove the point to be established, and have substantial importance or influence in producing the proper result. In other words, the statement must be necessary to a full presentation and in that sense essential to the accomplishment of the object sought. Mauk v. Brundage et, 68 OS. 89.

5. It was pertinent and relative for the commissioners to state their reasons for rescinding the former resolution and that what was done had a substantial influence in bringing about such a change.

6. The official duties and conduct of the surveyor were so connected with the improvement concerning which the commissioners were acting, as to make reference thereto both relevant and proper. Judgment affirmed.

Attorneys—Jonathan Taylor for Tanner; Arthur Van Epp for Commissioners; both of Medina.