351 P.2d 957

Marion S. CARTER, Plaintiff and Appellant,

v.

Edward B. JACKSON, Defendant and Respondent.

No. 9055.

Supreme Court of Utah.

May 5, 1960.

---

Dansie & Ellett, Murray, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondent.

CALLISTER, Justice.

This is an action for slander. At the conclusion of plaintiff's case the trial court directed a verdict of no cause of action and plaintiff appeals.

At a regularly scheduled public meeting of the South Salt Lake City Council a discussion was had by the council members as to the operation and activities of the city police department. During the course of the meeting the defendant, a council member, made the statement that the plaintiff, a deputy city marshal, had "propositioned" a woman to whom he was issuing a traffic ticket.

There are two classes of privileged communications, absolute and qualified or conditional. In the case of absolutely privileged communications the utterance or publication, although both false and malicious, does not give rise to a cause of ac-

1. Williams v. Standard-Examiner, 83 Utah 31, 27 P.2d 1.

286

tion. In the case of a qualified or conditional privilege the law raises merely a prima facie presumption in favor of the occasion.[1]

Subsections (1) and (2) of 45-2-3, U.C.A.1953 [2] define the communications that are absolutely privileged. The question is whether the defendant's statement, in his capacity as a member of a city council and made at a regular meeting of the council, was an absolutely privileged communication. The trial judge correctly held that it was and directed a verdict of no cause of action.

By virtue of 10-6-5, U.C.A.1953 [3] the city council was the legislative and governing body of South Salt Lake, and its meeting was certainly an "official proceeding authorized by law" as provided for in subsection (2) of 45-2-3, U.C.A.1953.

■ The statement of the defendant was made in his official capacity in an official proceeding authorized by law and it had a reasonable relationship to the subject of the meeting. The statement, therefore, was absolutely privileged.

■ According to plaintiff the defendant repeated the statement after the meeting had adjourned; however, the reiteration of the statement was requested by the plaintiff and he cannot therefore complain.

Affirmed. Costs to respondent.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

2. 45-2-3, U.C.A.1953 " 'Privileged publication' defined.—A privileged publication which shall not be considered as libelous per se, is one made:
"(1) In the proper discharge of an official duty.
"(2) In any publication of or any statement made in any legislative or judicial proceeding, or in any other official proceeding authorized by law"
3. 10-6-5, U.C.A.1953. "Boards and councils as legislative and governing bodies.—

The board of commissioners in cities of the first and second class, the mayor and city council in cities of the third class and the board of trustees in towns are and shall be the legislative and governing bodies of such cities and towns, and as such shall have, exercise and discharge all of the rights, powers, privileges and authority conferred by law upon their respective cities, towns or bodies, and shall perform all duties that may be required of them by law."