BETTY M. McCLENDON, Plaintiff, v. WILLIAM H. COVERDALE, Defendant.

(*October* 9, 1964.)

*Samuel R. Russell* (of Herrmann, Bayard, Brill & Russell), for plaintiff.

*Carroll F. Poole,* for defendant.

Superior Court for New Castle County, Civil Action No. 323, 1964.

DUFFY, President Judge:

This is an action for slander by Betty M. McClendon, plaintiff, against William H. Coverdale, defendant. Defendant has moved to dismiss the complaint upon the grounds that at the time he used the language alleged to have been slanderous he was protected by an absolute privilege. The complaint alleges in substance as follows:

Plaintiff and defendant are both members of the City Council of Newark, Delaware. At a Council meeting on March 9, 1964, defendant falsely accused plaintiff of having committed the crime of bribery. This accusation was made with express malice, in the presence and hearing of other members of City Council, of City employees, and of the members of the general public attending the meeting. Defendant has refused to make a retraction and as a result of his slander plaintiff has been disgraced, defamed, and held in contempt and ridicule.

For purposes of the motion, the allegations of the complaint are considered to be true. The question thus raised is whether or not statements made by an elected member of a city council at a meeting of that body are absolutely privileged as a matter of law.

Our constitution, 1 *Del. C.,* Art. 2, § 13, provides that Senators and Representatives "for any speech or debate in either House * * * shall not be questioned in any other place." There is no similar constitutional or statutory provision for any other kind of legislator. And there are no reported Delaware decisions which would provide

useful guidance.[1] Thus the question of absolute privilege for a city councilman is open in Delaware.

While there is respectable authority to the contrary, the general rule, widely applied and supported, is that the class of absolutely privileged communication is narrow and limited (for present purposes) to "legislative" proceedings as distinguished from municipal or subordinate proceedings. 33 Am.Jur., Libel and Slander, § 125. In 3 Restatement of the Law of Torts, § 590, the general rule is adopted and the comment specifically limits absolute privilege to members of the highest legislative body of a State: the privilege "is not applicable to members of subordinate legislative bodies to which the State has delegated legislative power."

Two of the leading text writers agree that the absolute privilege is not extended to members of town councils or boards. Prosser on Torts (3d Ed.), § 109 states:

"It is generally agreed, however, that the proceedings of subordinate bodies performing a legislative function, such as municipal councils or town meetings, are not within the policy underlying such absolute immunity, and that the members of such bodies are sufficiently protected by exemption from liability in the exercise of good faith." And in Harper on Torts (1956), § 5.23 it is said:

"It [absolute privilege] does not extend to municipal boards or councils, to town meetings or other subordinate

---

[1]Defendant cites two Delaware opinions, neither of which is helpful. These are *Newark Trust Company v. Bruwer*, 1 Storey 188, 141 A.2d 615 (Sup.Ct.1958), in which the Court said that the imputation of a crime made to an investigating police officer is privileged if made without malice; the Court affirmed a jury verdict based upon a finding of malice. *Craig v. Burris*, 4 Penna. 156, 55 A. 353 (Super.Ct.1902), holds that certain out-of-court remarks made by an attorney while prosecuting a case for a client were within his "privilege as an attorney."

legislative bodies, the members of which are protected only by a qualified or conditional privilege."
Cases from various jurisdictions are cited in these texts.

A reading of Odgers on Libel and Slander (5th Ed.), p. 227, suggests that under English law the absolute privilege enjoyed by members of Parliament does not apply to lesser legislative bodies.

Reaching a contrary result, the courts of several States have concluded that various kinds of subordinate legislative bodies are within the absolute privilege doctrine at least under certain circumstances. Michigan extended it to an alderman in *Wachsmuth v. Merchants' National Bank,* 96 Mich. 426, 56 N.W. 9, 21 L.R.A. 278 (1893) and Ohio to county commissioners in *Tanner v. Gault,* 20 Ohio App. 243, 153 N.E. 124 (1925). More recently, Illinois followed earlier decisions in that State and held absolutely privileged a resolution by city councilmen about their clerk. *Larson v. Doner,* 32 Ill.App.2d 471, 178 N.E.2d 399 (1961). See, also, 53 C.J.S. Libel and Slander § 105.

Cases reflecting various views of the subject are collected at 40 A.L.R.2d 941.

The merits of the issue now joined involve two principles of American life, both of which are highly regarded and both of which are generally protected by law. In our society an individual has a right to enjoy his reputation, free from slanderous comments by persons in and out of public office. Each of us has a duty to respect that right of every other individual and if we do not, the law will hold us accountable. But, on the other hand, the public interest is best served by permitting free and open comment about the public business by those responsible for conducting it. The possibility of abuse of that unfettered freedom of speech is known and accepted because of the

public interest in a free and full disclosure of facts about the conduct of government.

Both sides of the question—the public interest *vis-a-vis* the right to freedom from slander—were fully considered by the Iowa Supreme Court in *Mills v. Denny*, 245 Iowa 584, 63 N.W.2d 222, 40 A.L.R.2d 933. The Court concluded that the welfare of society does not require a person slandered to surrender his personal rights to the public interest, under comparable facts. I agree, at least to the extent that any such surrender should not be judicially created out of thin air. There are, as defendant's argument demonstrates, persuasive public policy reasons for making absolutely privileged the "in-council" oral and written words of an elected legislator of a municipality. But in Delaware there is no constitutional or legislative home for such a ruling by this Court. Indeed, the explicit limitation of Article 2 § 13 of the Constitution suggests that such a privilege is applicable only to members of the General Assembly. But, in any event, if absolute privilege is to attach to the words of legislators of subordinate bodies, it must come from legislation,[2] not judicial creation.

The motion to dismiss the complaint is denied.

---

[2]See, for example, the Utah statute quoted in *Carter v. Johnson*, 10 Utah 2d 284, 351 P.2d 957 (1960).

As to slander in another context, see the Delaware Supreme Court decision in *Pierce v. Burns*, Del., 185 A.2d 477 (1962).