PER CURIAM.
Plaintiff seeks review of a final judgment dismissing with prejudice his amended complaint for failure to state a cause of action.
Plaintiff, former Metropolitan Sheriff of Dade County, brought action against defendant, former County Manager of Dade County, seeking damages for libel. The suit arose as a result of a certain written instrument delivered by the defendant severally to the members of the Board of County Commissioners of Dade County, as individuals, containing the reasons why defendant dismissed plaintiff from the office of Sheriff. It will serve no useful purpose to republish herein the matter constituting the alleged libel. Suffice it to say that the amended complaint is not deficient insofar as it alleges the libelous matter.
Plaintiff further alleged that at the time of the publication:
“ * * * [T]he Board was not in session, * * * was not making any investigation, * * * had not made inquiry concerning the office of Metropolitan Sheriff, * * * was not investigating any County affairs, * * * and had not required any report as to the said office, * *
Defendant’s motion to dismiss was granted for the reason that defendant was, as a matter of law; absolutely privileged in communicating and publishing the alleged libelous matter.
We pause to note that the Home Rule Charter for Metropolitan Dade County, Article 3, Section 3.04(B), in prescribing the powers and duties of the County Manager provides:
“ * * * [T] he Manager shall have the power to appoint and suspend all administrative department heads. * * [T]he right to suspend, remove or discharge any department head with or without cause, is reserved at all times to the County Manager.”
*569 This case,- presents for the first time in Florida the question of whether executive officials of county government are absolutely privileged as to defamatory publications made in connection with their office.
Although we have found no Florida cases dealing with the precise question involved, we have found guidance from cases dealing with “absolute” and “qualified privilege” as applied to the other factual situations.
In the early case of Coogler v. Rhodes,[1] the Supreme Court decided that a letter from an elector of this state to the Governor, in reference to the character and qualifications of an applicant for the position of Sheriff of the county in which the elector resides, is not absolutely privileged, but is qualifiedly or conditionally privileged. In so deciding the court stated that:
“Privileged publications are divided into two classes; absolutely privileged, and conditionally or qualifiedly privileged. * * * The term ‘absolute privilege’ has reference to words spoken or written in certain legislative and judicial proceedings.[2] * * * ”
Absolute privilege was subsequently extended to defamation in quasi legislative and administrative proceedings involving quasi judicial action and judicial proceedings.[3] There are numerous other Florida cases dealing with “absolute privilege”. But, in all those in which the doctrine has been applied, the court first determined the proceedings to have partaken of a judicial or legislative nature.
The Supreme Court of the United States first applied the doctrine of absolute privilege to a high ranking executive official in the case of Spalding v. Vilas.[4] Prior to the decision in the Spalding case the state courts generally limited the protection of absolute privilege to judicial and legislative proceedings, holding that qualified privilege sufficiently protected executive officials.[5] With the impact of the Spalding decision some states adopted the Federal rule of absolute privilege,[6] while other states nevertheless continued to apply qualified privilege to executive officers.[7] In the fairly recent case of Barr v. Matteo[8] the Supreme Court of the U. S. extended absolute privilege to lesser ranking executive officials.
In arriving at our decision of whether or not to extend absolute privilege to executive county officials we have most carefully evaluated the policy considerations, those being, freedom- of official expression, balanced against an individual’s right of redress for defamation. Our conclusion is that the facts of this case are such that application of absolute privilege does not serve the ends of justice.
We do however, find the doctrine of qualified privilege applicable. As was stated in the Coogler case:
“ ‘Where a person is so situated that it becomes right, in the interest of society, that he should tell to a third person certain facts, then, if he bona *570 fide, and without malice, does tell them, it is a privileged communication.’ ” [9]
We have intentionally limited the scope of this opinion as we do not at this time wish to hold that in Florida under no circumstances does the doctrine of absolute privilege apply to publications by executive governmental officials.[10]
Accordingly, this case is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.

. 38 Fla. 240, 21 So. 109 (1897).

. id at 248, 21 So. at 112.

. Robertson v. Industrial Insurance Co., Fla.1954, 75 So.2d 198, 45 A.L.R.2d 1292.

. 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896).

. e. g. Howland v. Flood, 160 Mass. 509, 36 N.E. 482 (1894); Greenwood v. Cobbey, 26 Neb. 449, 42 N.W. 413 (1889); Mayo v. Sample, 18 Iowa 306 (1865).

. e. g. Schlinkert v. Henderson, 331 Mich. 284, 49 NW.2d 180 (1951); Catron v. Jasper, 303 Ky. 598, 198 S.W.2d 322 (1946); Ryan v. Wilson, 231 Iowa 33, 300 N.W. 707 (1941).

. e. g. McLendon v. Cloverdale, Del.1964, 203 A.2d 815; Mills v. Denny, 245 Iowa 584, 63 N.W.2d 222, 40 A.L.R.2d 933 (1954); Raymond v. Croll, 233 Mich. 268, 206 N.W. 556 (1925); Peterson v. Steenerson, 113 Minn. 87, 129 N.W. 147, 31 L.R.A.,N.S., 674 (1910); Barry v. McCollom, 81 Conn. 293, 70 A. 1035 (1908).

. 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

. Supra note 1 at 248, 21 So. at 111.

. For an interesting and informative discussion of the subject matter of this opinion see Handler and Klein The Defense of Privilege in Defamation Suits Against Government Executive Officials, 74 Harv.L.Rev. 44 (1960); see also annot. 132 A.L.R. 1340 et seq.