415 P.2d 212

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Ray DODGE, Defendant and Appellant.**

No. 10438.

Supreme Court of Utah.

June 8, 1966.

4. Howard v. Town of North Salt Lake, 7 Utah 2d 278, 323 P.2d 261; Application of Peterson, 92 Utah 212, 66 P.2d 1195.

Jimi Mitsunaga, Legal Defender, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen. State of Utah, Ronald N. Boyce, Asst. Atty. Gen. State of Utah, for respondent.

HENRIOD, Chief Justice.

Appeal from second-degree burglary and habitual criminal sentences after jury verdicts. Affirmed.

Defendant was caught red-handed in a super market peeling a safe. He said he was so drunk he didn't know what he was doing. The arresting officer said he didn't notice it.

Defendant urges 1) that the court erred in refusing to instruct the jury as to the offense of "unlawful entry" as being an included offense; 2) permitting evidence of a fourth felony; and that 3) the information was defective in its recitation of the habitual criminal phase of the case.

■ As to 1): The facts indisputably show he was attempting to peel the safe. The jury would have been composed of unreasonable men had it even considered that the defendant had "unlawfully entered" for the altruistic "intent to damage property or to injure a person or annoy the peace and quiet of any occupant therein."[1] The

1. Title 76-9-9, Utah Code Annotated 1953.

trial court also would have been an unreasonable person had he given such an instruction. The second degree burglary conviction is affirmed.

■ As to 2): The evidence of a fourth felony may well have been omitted but hardly could be said to be prejudicial. Three proven felonies sustain a complaint as to being an habitual criminal. The defendant was convicted here of one, and from the evidence presented as to the other two, there was no error in its admission.

■ As to 3): There was no objection made to the form and content of the information, counsel raising the matter for the first time on appeal, on constitutional grounds,—thus waiving the point under the facts of this case. We think there may be a case where nonapprisal of the facts could be such as constitutionally would justify such urgence for the first time on appeal, but not here, where the proof adduced supported the charge alleged prior convictions generally but did not specifically name the courts, except as to the states wherein they were situated.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.