432 P.2d 640

**Ray DODGE, Plaintiff and Appellant,**

**v.**

**STATE of Utah, Defendant and Respondent.**

**No. 10880.**

Supreme Court of Utah.

Oct. 20, 1967.

Ray Dodge, pro se.

Phil L. Hansen, Atty. Gen., Warren M. Weggeland, Special Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a denial of a petition for writ of habeas corpus. Affirmed.

Dodge, in a burglary case,[1] was convicted by a jury, and was sentenced, for being an habitual criminal.[2] It appears that he also is an habitual appellant,[3] and a jail-house lawyer.[4]

His only substantial point on appeal is that he was denied counsel in violation of

1. Title 76–1–18, Utah Code Annotated 1953.
2. State v. Dodge, 18 Utah 2d 63, 415 P.2d 212 (1966).
3. State v. Dodge, note 2; State v. Dodge, 19 Utah 2d 17, 425 P.2d 781.
4. On cross-examination, Dodge testified that he had prepared about 15 other petitions of like nature for inmates. This, in less than a year.

his constitutional rights, citing the standard familiars.[5]

Fact is that this defendant was accorded about every consideration that could be given in protection of his constitutional rights. At the city court level he was advised of his right to counsel at every stage of the proceedings against him, and was asked if he desired counsel. Without his asking for court-appointed counsel, the city court judge gave him a nine-day continuance,—obviously to give him time to seek out and employ counsel of his choice. On the date to which his extension was granted, he appeared without counsel, and asked that he be allowed to waive the preliminary examination, to which the State consented.[6] First time he asked for court-appointed counsel was at the arraignment in the district court. Counsel promptly was appointed for him,—a member of the Bar in good standing, with an excellent reputation in the community for integrity and ability,—and who, the record will show, did a highly intelligent lawyerlike job in defending Dodge, who had no legitimate reason to be where he was, caught red-handed peeling a safe. Dodge thanked him for his excellent, but uncompensated effort, by asking twice to be freed because of the incompetency of his counsel. This, in two appeals to this court. Many times, as in this case, gratitude is extant only in proportion to the success or failure of a convicted person seeking his freedom, and not on the question of guilt or innocence, with a flatulent cry that legal counsel was incompetent.

This case, in our opinion, is an unwarranted attempt to abuse justice and judicial procedure, a waste of taxpayers' money, and one, which if reversed, would permit a four-time felon to repeat and possibly hurt or kill an erstwhile, honorable, law-abiding citizen,—who just might have a couple of constitutional rights too,—one of which is protection of his person, home, wife and children against a predator bent on invading such rights.[7]

CROCKETT, C. J. and CALLISTER, TUCKETT and ELLETT, JJ., concur.

5. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, etc.
6. See Title 17-6-2, Utah Code Annotated 1953.
7. As to rights and obligations of an accused at preliminary examination, see: State v. Freeman, 93 Utah 125, 71 P. 2d 196 (1937); State v. Braasch, et al., 119 Utah 450, 229 P.2d 289 (1951); Freeman v. State, 87 Idaho 170, 392 P. 2d 542 (1964); State v. Cox, 193 Kansas 571, 396 P.2d 326 (1964), citing Latham v. Crouse, 320 F.2d 120 (10 Cir. 1963); McGuffey v. Turner, 18 Utah 2d 354, 423 P.2d 166 (1967); State v. Seymour, 18 Utah 2d 153, 417 P.2d 655 (1966).