444 P.2d 753

Ray DODGE, Plaintiff and Appellant,

v.

Utah Supreme Court Justice F. Henri HENRIOD, Kearns-Tribune Corporation and Deseret News Publishing Company, Defendants and Respondents.

No. 11198.

Supreme Court of Utah.

Aug. 29, 1968.

————◆——

Ray Dodge, pro se.

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Jones, Waldo, Holbrook & McDonough, H. R. Waldo, Jr., Salt Lake City, for respondents.

KELLER, District Judge:

In the case of Dodge, Plaintiff v. State of Utah, Defendant, 20 Utah 2d 48, 432 P.2d 640, Justice F. Henri Henriod in a decision affirming a judgment of the Honorable John F. Wahlquist, a Judge of the Second Judicial District Court of the State of Utah, dismissing with prejudice the complaint of the plaintiff in a habeas corpus proceeding used the following language:

This case, in our opinion, is an unwarranted attempt to abuse justice and judicial procedure, a waste of taxpayers' money, and one, which if reversed, would permit a four-time felon to repeat and possibly hurt or kill an erstwhile, honorable, law-abiding citizen,—who just might have a couple of constitutional rights too,—one of which is protection of his person, home, wife and children against a predator bent on invading such rights.

In reporting this action on the part of Justice Henriod The Salt Lake Tribune and the Deseret News quoted the foregoing language. The plaintiff brought this action alleging that the quoted language was slanderous and praying for damages in the sum of $100,000 from the defendant Justice Henriod and $50,000 from the publishing companies.

Since the statement made was in the course of a judicial proceeding and in the discharge of an official duty, it is declared by our statute not to be libelous per se. 45-2-3, Utah Code Annotated 1953. The trial court was correct as a matter of law in dismissing the plaintiff's complaint. See Carter v. Jackson, 10 Utah 2d 284, 351 P.2d

957; Blackhan v. Snelgrove, 3 Utah 2d 157, 280 P.2d 453.

The judgment of the trial court is affirmed. Costs to defendants (respondents).

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring):

I concur, but I do not think there should be any inference that liability would attach if the alleged statement was defamatory per se. Whether it is defamatory per se or per quod is immaterial. The justice has an absolute immunity from any liability for that which he writes in his official opinions. The law is set out in Prosser, Law of Torts, 3d Ed., p. 796, and cases cited therein, as follows:

> The judge on the bench must be free to administer the law under the protection of the law, independently and freely, without fear of consequences. No such independence could exist if he were in daily apprehension of having an action brought against him, and his administration of justice submitted to the opinion of a jury. As in the case of other acts in his judicial capacity, therefore, the judge is absolutely privileged as to any defamation he may utter, * * *.

HENRIOD, J., being disqualified, does not participate.