STATE of Utah, Plaintiff and Respondent,

v.

Timothy J. HENDRICKS, Defendant and Appellant.

No. 15728.

Supreme Court of Utah.

May 15, 1979.

Ronald J. Yengich of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from his conviction of burglary, a third degree felony.[1]

The sole assertion of error is the trial court's failure to instruct the jury as to the offense of criminal trespass, a misdemeanor,[2] which defendant contends is an included offense.

The applicable statutory provisions read in pertinent part as follows:

> U.C.A., 1953, 76–6–202(1) A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft . . . .
>
> (2) Burglary is a felony of the third degree unless it is committed in a dwelling . . . .
>
> U.C.A., 1953, 76–6–206 . . . (2) A person is guilty of criminal trespass if, under circumstances not amounting to burglary . . . :
>
> (a) He enters or remains unlawfully on property and:
>
> (i) Intends to cause annoyance or injury to any person thereon or damage to any property thereon; or
>
> (ii) Intends to commit any crime, other than theft or a felony;
>
> (iii) Is reckless as to whether his presence will cause fear for the safety of another.
>
> (b) Knowing his entry or presence is unlawful, he enters or remains on property as to which notice against entering is given by:
>
> (i) Personal communication to the actor by the owner or someone with apparent authority to act for the owner; or
>
> (ii) Fencing or other enclosure obviously designed to exclude intruders; or
>
> (iii) Posting of signs reasonably likely to come to the attention of intruders.

---

1. U.C.A., 1953, 76–6–202.

2. U.C.A., 1953, 76–6–206.

The evidence was that the defendant and two of his friends were apprehended while hiding in a storage closet of a commercial building. Their automobile was parked alongside a ladder leading to a broken second-story window. Two typewriters were found to have been removed from their usual location and placed near the broken window. Defendant remained hidden in the building for an hour after the police arrived and had to be forcefully removed from his hiding place.

Defendant's defense was voluntary intoxication which deprived him of any criminal intent. Despite his claimed high degree of intoxication (also testified to by his friends), defendant lucidly testified as to having been asleep in the automobile, being awakened by the sound of breaking glass, going up the ladder and entering through the broken window to look for his friends.

 It is a basic legal premise that a defendant in a criminal case is entitled to have his theory of the case presented to the jury.[3] However, the right is not absolute, and a defense theory must be supported by a certain quantum of evidence before an instruction as to an included offense need be given.[4]

The facts and circumstances of the instant case are similar to those presented in the case of *State v. Dodge*[5] wherein the defendant was caught red-handed in a supermarket peeling a safe. He said he was so drunk he did not know what he was doing. The trial court declined his request to instruct the jury as to the offense of "unlawful entry" being an included offense. This Court sustained the ruling below observing that the jury would have been composed of unreasonable men had it even considered that the defendant had "unlawfully entered."

In the instant case, the evidence (including that presented by the defendant), established all of the elements of burglary but did not establish all of the elements of criminal trespass.[6] In any event, defendant's defense of lack of criminal intent is totally inconsistent with his request for an instruction on criminal trespass.

No reasonable view of the evidence would allow acquittal of the offense of burglary and a conviction of that putative lesser offense. The evidence compels the conclusion that he was either guilty as charged or not guilty of *any* crime.

Affirmed.

---

**3.** *State v. Gillian*, 23 Utah 2d 372, 463 P.2d 811 (1970).

**4.** Id. See also, *State v. Close*, 28 Utah 2d 144, 499 P.2d 287 (1972); *State v. McCarthy*, 25 Utah 2d 425, 483 P.2d 890 (1971); *State v. Johnson*, 112 Utah 130, 185 P.2d 738 (1947).

**5.** 18 Utah 2d 63, 415 P.2d 212 (1966).

**6.** Such in and of itself precludes the giving of the requested instructions. As to what constitutes an included offense see: *State v. Woolman*, 84 Utah 23, 33 P.2d 640 (1934) and *State v. Brennan*, 13 Utah 2d 195, 371 P.2d 27 (1962).